BAGBY, GOVERNOR, v. CHANDLER AND CHANDLER.

1. A constable's bond, taken in the penalty of $2,000, and not extorted *co lore officii*, is not void as a statute bond.

Error to Circuit Court of Perry.

THIS was an action on a constable's bond, to recover for a breach of duty, in not paying over money, &c.

Bagby, Governor, v. Chandler and Chandler.

The defendant demurred to the declaration, and the court susrained the demurrer, and rendered judgment for the defendants, which is now assigned as error.

DAVIS, for plaintiff in error.

ORMOND, J.—This cause was here at the last term, on a demurrer to the declaration. We then held the declaration sufficient. The declaration is the same now that it was then, and the decision of this court then made, is now the law of the case. The objection now raised to the declaration, and which was not considered when the cause was here before, so far as we can judge from the opinion, if it was not concluded by the previous judgment, could not avail the defendant. It is, that that the penalty of the bond is $2000, instead of $1000.

In our judgment, this does not affect it as a statutory bond. We need not consider whether the party could be made liable beyond the statute penalty, considered as a bond under the statute. For that amount it is certainly good under the statute.

To test this matter, we need only inquire whether the constable could not defend under this bond, if a *qui tam* action were brought against him, for not executing a bond under the statute. We think it impossible to doubt that he could.

No question is made here, that the bond is void, because extorted *colore officii*. The view here taken renders it unnecessary to consider, whether the act of 1834, (Clay's Dig. 366, § 18, 19,) does not, as contended, give a discretion to the Judge of the County Court, to require a bond in certain cases, with a larger penalty than $1000.

Let the judgment be reversed and the cause remanded.