# Munter & Faber *v.* Reese *et als.*

### Action on Bond.

1. *Bond; what may be enforced by common law remedies.*—Bonds executed to civil officers, in the course of judicial proceedings, whether authorized by statute or not, if entered into voluntarily, supported by valuable consideration, and not in contravention of public policy or offensive to law, will be enforced by common law remedies.

2. *Same.*—When the bond in suit was executed, there was no law authorizing a sheriff, who had process for the seizure of specific property in a *detinue* suit, to arrest execution of the order of seizure, upon interposition of a claim by a stranger, and the execution of bond to the plaintiff in the suit, conditioned for the forthcoming of the property, if the claim was not successfully prosecuted; yet if in mutual misapprehension of the claimant's rights, she executes, and the sheriff accepts such forthcoming bond, and thereon the sheriff delivers the property to her, the plaintiff in the *detinue* suit, though the bond was taken without his consent, may ratify the sheriff's unauthorized act, and upon judgment in the *detinue* suit and return of *nulla bona*, and allegation and proof of failure to prosecute the claim to effect, may recover upon the bond.

APPEAL from Circuit Court of Lowndes.

Tried before Hon. J. Q. SMITH.

Appellants, Munter & Faber, brought suit against Ann Reese and others, upon a bond executed by the latter to the former. The defendants demurred, the court sustained the demurrer, and plaintiffs declining to amend further, judg--

ment was rendered for defendants. The nature of the case is sufficiently stated in the opinion.

The judgment on demurrer is now assigned for error.

DAVID CLOPTON, for appellant.

R. M. WILLIAMSON, *contra.*

BRICKELL, C. J.—The questions arising in this cause are presented by the pleadings, and the one of importance is the validity of the bond on which the suit is founded. The complaint sets out the bond *in haec verba,* and its recitals are, that the appellants had commenced an action of *detinue* against one Perry Reese for the recovery of two hundred and thirty bushels of corn, and obtained an order directing the sheriff to take the corn into possession. The sheriff having seized the corn in obedience to the order, it was claimed by the principal obligor, Ann Reese, as her property, and delivered to her on the execution of the bond, with condition " to prosecute her claim to effect or failing therein, shall have the above described corn forthcoming for the satisfaction of said judgment of said Circuit Court if it be found liable therefor, and pay such costs and damages as may be recovered for putting in said claim for delay, then in either of said events, this obligation to be void," &c. The amended complaint assigns as breaches of the bond, the recovery of judgment by the plaintiffs in the action of *detinue,* and the ascertainment of the value of the corn at one hundred and seventy-five dollars, for which judgment was rendered, together with seventeen 45-100 dollars costs of suit—the issue of execution thereon, and the return thereof, *no property found.* *Further,* that the bond was executed by the principal obligor to obtain possession of the corn, and that she did thereby obtain such possession, and that she failed to prosecute her claim to effect, and failed to have said corn forthcoming for the satisfaction of the judgment of the Circuit Court, but kept and converted the same to her own use.

It is certainly true there was when the bond was executed, no statute which authorized the sheriff to take it, nor any which authorized a stranger claiming adversely to a plaintiff and defendant in an action of *detinue,* to arrest the execution of an order of seizure by the interposition of a claim of ownership, and the execution of a forthcoming or delivery bond, if he did not successfully prosecute his claim. The bond so far as is shown by its recitals, or the averments of the com-

plaint, was executed by the principal obligor in misapprehension of her remedy, if she had a claim to the corn, and was accepted by the sheriff in misapprehension of his duty and authority. The want of statutory authority for the bond, and the misapprehension by the principal obligor of her legal remedy, and by the sheriff of his duty, do not necessarily render the bond void. Bonds executed to civil officers in the course of judicial proceedings, whether authorized by statute or not, if entered into voluntarily, and are supported by a valuable consideration, if they do not contravene public policy, or offend the law, will be enforced by common law remedies.—*Sewall v. Franklin*, 2 Port. 493 ; *Hester v. Keith*, 1 Ala. 316 ; *Butler v. O'Brien*, 5 Ala. 316 ; *Whitsett v. Womack*, 8 Ala. 466. As the question is now presented, the bond appears to have been voluntarily executed, and the sufficiency of the consideration, (the delivery of the corn to the principal obligor,) is undisputed. The inquiry is confined therefore within narrow limits—was the taking of the bond offensive to the spirit or policy of the law.

The duty of the sheriff, as prescribed by the statute, was to seize the property, if found in the possession of the defendant in the action of detinue, and to hold it for five days, unless the defendant gave a forthcoming or delivery bond, and thereby regained possession. The defendant, by his neglect to give the bond, would place himself in default, and the plaintiffs had the right to give such bond, and if they neglected for five days, the duty of the sheriff was to restore possession to the defendant.—Code of 1876, §§ 2942–3. The argument against the validity of the bond is, that the sheriff by accepting it, and surrendering possession of the corn to the principal obligor, disabled himself from performing the duties which the statute imposed on him.

The argument overlooks the fact, that the bond is not payable to the sheriff, contains no covenant or promise of indemnity to him, and is only a security for the benefit of the plaintiffs. A promise or a covenant to a sheriff to neglect or to violate official duty is void ; and if the bond had been executed in consideration of a violation or neglect of duty by the sheriff—if the purpose had been to prevent the plaintiffs or the defendant in the detinue suit from exercising the right of obtaining possession of the corn, which the statute confers, and of indemnifying the sheriff against loss because of the wrongful delivery to the principal obligor, it may be conceded the bond could not be enforced. But this is not the purpose for which the bond is executed, nor

is it founded on any such consideration. No violation of law was intended—no departure from the line of duty by the sheriff was contemplated. The obligors supposed the principal was pursuing a remedy and obtaining a right the law conferred, and that the sheriff was complying with a duty the law imposed; that the principal could by interposing her claim of her ownership compel the plaintiffs in the detinue suit into a trial of the right of property, and that on the execution of a forthcoming or delivery bond, it was the duty of the sheriff to surrender possession of the corn. The statutes then existing did not, as we have said, authorize any such proceeding—the proceeding was confined to property levied on by execution or attachment. It is a familiar principle, that bonds intended to be taken in compliance with statutes, though not sufficiently so to be valid under the statute, may be good at common law; and will be, if voluntary, founded on a valuable consideration, and not violative of the law.— *Whitsett v. Womack, supra; Roman v. Stratton,* 2 Bibb, 199; *Hog v. Rogers,* 4 Monroe, 226; *Winthrop v. Dockendorf,* 3 Greenleaf, 156.

The claim of property by the principal obligor, and a trial of the right in the mode attempted, as a judicial proceeding, was a mere nullity. The fact remains that it was made without the consent of the appellants, and that they have suffered from it all the injurious consequences which could have resulted, if the proceeding had been valid and followed by a judgment in their favor. The event on which the bond was to remain of full force has happened, and there is no principle of the common law, and no statute which inhibited its execution or enforcement.—*Stevenson v. Miller,* 2 Littell, 307; *Claasen v. Shaw,* 5 Watts, 468. Though it was taken without the consent of the plaintiffs, yet intended for their protection and payable to them, they could adopt it, as they could accept any other contract made for their benefit without their knowledge or authority. The sheriff may have rendered himself liable to the plaintiffs or to the defendant in the detinue suit, by parting with the possession of the corn. The plaintiffs have ratified the unauthorized act by the acceptance of the bond, and whatever cause of complaint the defendant may have, is no ground of defense to the appellees.

The judgment is reversed and the cause remanded.

STONE, J., not sitting.