# Agnew v. Leath.

### Action on Replevin Bond in Attachment Case.

1. *Replevin bond; to whom payable, and who may sue on.*—A replevin bond, in an attachment case, should be made payable to the plaintiff in attachment (Code, § 3289), and not to the officer by whom the writ is levied; and if made payable to the officer, the plaintiff can not maintain an action on it in his own name.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. W. L. WHITLOCK.

This action was brought by N. B. Leath, against George Agnew; was commenced on the 9th August, 1873, and was founded on a replevin bond, signed by said Agnew as surety for William Johns, in an attachment suit instituted against him by said Leath, the plaintiff in this suit. There was a demurrer to the complaint, and a memorandum by the clerk states that it was overruled; but the judgment-entry only sets out a verdict and judgment for the plaintiff on issue joined, and does not notice the demurrer. The pleadings

[Agnew v. Leath.]

were complicated, and numerous exceptions were reserved to the rulings of the court during the trial. The overruling of the demurrer to the complaint, the final judgment, and the several rulings to which exceptions were reserved, but which require no notice, are now assigned as error.

D. CLOPTON, with M. J. TURNLEY & SON, for the appellant, cited *Sprowl v. Lawrence*, 33 Ala. 674, as showing that the action could not be maintained.

WATTS & SONS, *contra.*—Since the overruling of the demurrer is not shown by the judgment-entry, this court will not notice it, but will presume that it was waived.—*Carlisle v. Davis*, 7 Ala. 42 ; *Crosby v. Lassiter*, 4 Ala. 201 ; *Petty v. Dill*, 53 Ala. 641. The demurrer being out of the way, no question can be raised as to the plaintiff's right to maintain the suit.—*Phillips v. Sellers*, 42 Ala. 658 ; *Harris v. Plant & Co.*, 31 Ala. 639.

STONE, J.—Leath sued out an attachment against Johns, returnable before a justice of the peace. It was levied on personal chattels, by Hamilton, as constable. Johns replevied the property, giving Agnew as his surety. The replevin bond should have been made payable to Leath, plaintiff in attachment, but was made payable to Hamilton, the constable.—Code of 1876, §§ 3683, 3289, 3689. This, then, is not a statutory bond, on which statutory proceedings can be maintained. It is, at most, only a common-law obligation, or bond, on which a common-law action can be prosecuted. The bond, not being for the payment of money, must be sued in the name of the person having the legal title. It does not fall within the influence of section 2890 of the Code, which allows suits to be prosecuted in the name of the party really interested, whether he has the legal title or not. That section is confined to actions on contracts, express or implied, for the payment of money. Leath can not maintain the present suit, in his own name.—*Sprowl v. Lawrence*, 33 Ala. 674, 684. The complaint, on its face, shows this state of facts, and the demurrer to it ought to have been sustained.

Many questions are raised by the record, but it is not likely they will come up again in their present form.

Reversed and remanded.