## Dillwyn V. Purington et al. v. United States of America, for use, etc.

### Gen. No. 12,398.

1. CONTRACTOR—*what essential to right of subcontractor to maintain action against, in the name of the United States.* The Act of Congress of August 13, 1894, provides in part as follows:

"That any person or persons making application therefor and furnishing affidavit to the department under the direction of which said work is being or has been prosecuted, that labor or material for the prosecution of such work has been supplied by him or them, payment of which has not been made, shall be furnished with a certified copy of said contract and bond, upon which said person or persons supplying such labor or material shall have a right of action and shall be authorized to bring suit in the name of the United States for his or their use and benefit against said contractor and sureties, and to prosecute the same to final judgment and execution."

Under this provision an action may be maintained by a subcontractor against a contractor if a copy of the bond and contract referred to in such provision has been obtained, notwithstanding no affidavit such as is therein mentioned has been filed.

2. CONTRACTOR—*practice and procedure in action against, by subcontractor.* In an action predicated upon the provision set forth in the preceding paragraph of the syllabus, the practice and procedure follows the course of the common law, except as modified by statute.

3. TRIAL—*plaintiff's right to proceed to, notwithstanding all defendants not served.* The plaintiff in an action of covenant has the right to proceed to trial, notwithstanding all of the defendants have not been served with process.

4. COVENANT—*when action of, lies.* An action of covenant lies by a subcontractor in the name of the United States against a contractor by virtue of the provisions of the Act of Congress passed August 13, 1894, quoted above, where the bond given by the contractor to the United States is under seal.

Action of covenant. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Affirmed. Opinion filed April 24, 1906.

**Statement by the Court.** This is an action of covenant brought in the name of the United States for the use of Thomas J. McNulty and Patrick H. McNulty against Levi L. Leach and Thomas A. Leach, principals, and Dillwyn V.

Purington and Jeremiah G. McCarthy, sureties on a bond in the sum of $82,000 executed to the United States of America under an Act of Congress entitled "An Act for the protection of persons furnishing materials and labor for the construction of public buildings," approved August 13, 1894.

Appellants having been served with process appeared and filed pleas, McCarthy on June 17, 1902, and Purington on October 22, 1902.

The declaration as amended contains two counts, each declaring on the same bond which is set forth *in haec verba* in the first count and by reference in the second count. The declaration alleges that after making the bond the principals entered into a written agreement under seal with the beneficial plaintiffs for furnishing certain labor and materials necessary for the completion of the work undertaken by the principals under a certain contract with the United States in the bond mentioned, and sets forth the contract of the principals with the beneficial plaintiffs.

Levi L. and Thomas A. Leach, as L. L. Leach & Son, made a contract with Thomas J. and Patrick H. McNulty, trading as McNulty Brothers, to furnish for the Leaches all the iron furring, lathing and plastering mentioned in their contract with the United States to construct and build a courthouse at Kansas City, Missouri. The work was begun by McNulty Bros. in August, 1899, and was completed in the following spring or summer. The evidence tends to show that, as each section of the work was completed, it was turned over clean and white and free from discolorations, as required by the contract. During the winter, however, the contractors Leach & Son needed heat in the building to complete and preserve the interior finish and they undertook to furnish the heat by stoves and salamanders, and when the building was completed the government required Leach & Son to calcimine part of the plastering which had been blackened and soiled by the smoke from the stoves and salamanders, at a cost, as claimed by Leach & Son, of $1,096. When this was done the work was approved.

Pleas were filed and issues of fact joined as to the first count of the declaration. Replications were filed to the pleas to the second count, which were demurred to by the defendants, and the demurrers being overruled defendants elected to stand by their demurrers.

The trial resulted in a verdict for plaintiffs for $4,176.82 and judgment was entered thereon.

GARTSIDE & HUDSON, for appellants.

MCARDLE & MCARDLE, for appellees.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The Act of Congress of August 13, 1894, provides:

"That any person or persons making application therefor and furnishing affidavit to the department under the direction of which said work is being or has been prosecuted, that labor or material for the prosecution of such work has been supplied by him or them, payment of which has not been made, shall be furnished with a certified copy of said contract and bond, upon which said person or persons supplying such labor or material shall have a right of action and shall be authorized to bring suit in the name of the United States for his or their use and benefit against said contractor and sureties, and to prosecute the same to final judgment and execution."

It is urged in behalf of appellants that when a statute gives a new remedy, as does this statute, and directs how the right to the remedy is to be acquired and enjoyed, and how it is to be enforced, the act should be strictly construed and the validity of all acts done under the authority thereof will depend upon a strict compliance with its terms; and this rule is particularly applicable when it is sought to enforce a contract of suretyship. It is claimed that the plaintiffs did not furnish the affidavit until after this suit was commenced.

We think this point is not tenable. As held in American Surety Co. v. U. S. of America, 77 Ill. App. 106, the provision of the act in regard to filing an affidavit has refer-

ence only to the procuring of a copy of the bond and contract and is not a prerequisite to the right to maintain the action. Further, we think, the record shows that the affidavit was filed with the treasury department prior to June 4, 1900, the date of the certificate, for it was upon the affidavit that the certificate was issued. The objection by appellants to the admission of the contract and bond in evidence upon that ground was therefore properly overruled.

The question raised by appellants based upon the failure of appellees to bring in the principals of the bond before proceeding to judgment against the sureties is one of procedure simply. It has no semblance to the statutory proceedings for a mechanic's lien, as contended by appellants; nor is it governed by any of the rules applicable to mechanic's lien procedure. This action is a common law action and it is governed by the common law rules of procedure, except as modified by our statute. The Act of Congress above referred to contains no provision or limitation upon the procedure connected with enforcing the bonds provided for by it. That question is left to the practice of the forum in which relief may be sought by the beneficiaries. Under our Practice Act (R. S., chapter 110, sec. 10) where one or more, but not all of the defendants are served, the plaintiff may proceed to trial and judgment against the defendants upon whom process is served and may afterwards proceed by *scire facias* to make the others parties to the judgment. Under this practice the proceedings were regular.

Considerable stress is laid in argument upon the point that covenant will not lie on an instrument not properly sealed. It is assumed in making this point that the contract between L. L. Leach & Son and McNulty Bros. is the instrument declared on in this case. Counsel are in error in this assumption. The defendants' bond to the United States is the instrument declared upon.

It is urged, upon the merits, that appellees' work was not completed by them to the satisfaction of the supervising architect or the principal contractors. The ground of this contention is that the walls were dirty, stained and

discolored. The evidence shows that this was due to the careless manner in which L. L. Leach & Son used the furnaces, salamanders and stoves which they placed in the building for heating purposes. The evidence abundantly sustains the verdict of the jury on this question, and we cannot disturb it.

The contract between Leach & Son and the McNultys provided that the former should pay the latter the balance of the contract price when the Leaches had received full payment from the United States. It appears from the final voucher signed by L. L. Leach & Son that the Government made deductions on the work amounting to $982. This amount deducted from the contract price of $164,550 plus the additions thereto amounting to $3,273.10, made $166,-841.10, the total amount which Leach & Son were entitled to receive for the work. They had been paid $166,815.10, leaving a balance due them of $26, which they receipted for in full payment. The contract contained a provision whereby the department reserved the right to make any additions to, omissions from or changes in the work and material, the value of which was to be determined by the supervising architect upon the basis of the contract unit or prevailing market rates. Under this provision of the contract the changes resulting in the foregoing figures were made and adjusted. It is, therefore, evident that Leach & Son had received full payment from the Government for the work contracted for by them, and that appellants' contention to the contrary is without basis in the proofs.

The questions arising on the demurrers to replications are not argued and are, therefore, waived.

We find no reversible error in the record and the judgment is accordingly affirmed.

*Affirmed.*