140 So. 566

## CONSOLIDATED INDEMNITY & INS. CO. v. TEXAS CO.

### 6 Div. 43.

Supreme Court of Alabama.
March 17, 1932.

Coleman, Spain, Stewart & Davies and Frank M. Young, all of Birmingham, for appellant.

R. DuPont Thompson and Walter S. Smith, both of Birmingham, for appellee.

**FOSTER, J.**

Appellant executed the bond of J. B. Turner for the completion of a contract by him to build a portion of a public road in Alabama. His contract was with the state board of administration, and the bond was payable to it. The bond was such as is required by section 28, of the Act of August 23, 1927, Acts of Alabama 1927, pages 356 et seq., and referred to that act, except that, instead of being payable to the state as required by it, it was payable to the "State Board of Administration." Plaintiff therefore contends that it was not a statutory bond, and not governed by the limitation of the statute.

The case was tried on count 2, which did not allege the date of "the complete performance of said contract and final settlement thereof," nor show that the suit was commenced within sixty days thereafter, all as required by that act. Demurrer for such failure was overruled.

The case was tried on an agreed statement of facts which alleged that the state board of administration had made a contract with the state highway department to do that work along with other road work, and subcontracted this portion of it to Turner. That was at least the form in which the transaction was set up. Appellee contends that Turner was a subcontractor under the state board of administration, which was a separate and distinct entity from the state of Alabama.

The same questions are involved in considering the right to a judgment on the issue tried on the agreed statement of facts. If the bond is not governed by the Act of 1927, suit may be maintained on it by materialmen (or for their use) as a common-law undertaking. Fidelity & Deposit Co. v. Rainer, 220 Ala. 262, 125 So. 55; Jefferson County Bd. of Ed. v. Union Indemnity Co., 218 Ala. 632, 119 So. 837; Union Indemnity Co. v. State, 217 Ala. 35, 114 So. 415; Continental Auto Ins. Underwriters v. Menuskin, 222 Ala. 370, 132 So. 883; Fite v. Pearson, 215 Ala. 521, 111 So. 15. In that event, the sixty-day limitation would not control. But,

of course, if that act is here effective, the sixty-day limit applies. Fidelity & Deposit Co. v. Farmers' Hardware Co., 223 Ala. 477, 136 So. 824. And, if it does apply, it is not in the nature of a statute of limitations, which is purely defensive, and must be pleaded, but is of the essence of the action, and plaintiff has the burden of alleging and proving that his action was commenced within the period provided. Louisville & N. R. R. Co. v. Chamblee, 171 Ala. 188, 54 So. 681, Ann. Cas. 1913A, 977; Gulf States Steel Co. v. Jones, 204 Ala. 48, 85 So. 264; note 67 A. L. R. 1070.

The state board of administration was created with the name of "state board of control and economy." Code, § 22; Acts 1919, page 43, and its name was changed to "state board of administration." It belongs to the executive department of the state. 36 Cyc. 854; 25 R. C. L. 393. The provisions of section 112 of the Constitution enumerating those officers which belong to the executive department are not an exclusion of the power of the Legislature to create new executive offices, such as commissions and boards. Parks v. Com'rs of Soldiers' & Sailors' Home, 22 Colo. 86, 43 P. 542; State v. Womack, 4 Wash. 19, 29 P. 939; Bank of Johnston v. Prince, 136 S. C. 439, 134 S. E. 387; 36 Cyc. 854; Black on Const. Law, p. 304, § 144; 1 Encyc. of Am. Gov. 351, et seq; 12 Corpus Juris, 902; Slaughter v. Mobile County, 73 Ala. 134.

The state is a body politic, or political society organized by common consent for mutual protection and defense, exercising such powers as are necessary for that purpose. Cooley on Const. Limitations 1; People v. Martin, 38 Misc. Rep. 67, 76 N. Y. S. 953; 36 Cyc. 827; Mayfield's Scrap Book on Const. Gov. 507; Black on Const. Law, pp. 15, 16; Texas v. White, 7 Wall. 700, 19 L. Ed. 227; 3 Cyc. of Am. Gov. pp. 406, et seq.; 25 R. C. L. 369. It combines in one word all its departments—three in number, including the executive. It may contract. Constitution, § 22; U. S. Const. art. 1, § 10; Stevens v. Thames, 204 Ala. 487, 86 So. 77; Slaughter v. Mobile County, 73 Ala. 134; State v. Cobb, 64 Ala. 127. And may sue in the courts. Section 5644. But is not such corporation under section 240 of the Constitution as makes it subject to suit in view of section 14, though it may have some corporate as well as governmental qualities. Askew v. Hale County, 54 Ala. 639, 25 Am. Rep. 730.

The state board of administration (under the Governor) is largely the business manager for the state's affairs, and executes many contracts for it, though in its own name. Code, § 39. Such contracts thereby, and when authorized by law, become the obligations of the state, though not made in its name,

352

and the contractual rights of such board are for the state and it alone may sue on them. The state board of administration is not an entity apart from the state. It may not in its name sue others, and it cannot be sued as such on contracts made by authority of law. 29 Corpus Juris, 567.

Road contracts are required to be made in the name of the state, approved by the highway department and Governor. Acts 1927, p. 358, § 30. The highway department may contract with the board of administration for the use of convicts on the public roads, Acts 1927, p. 360, § 37, and for road building, section 26, Acts 1927, p. 356, supra.

Appellee contends that the bond was made by Turner, as a subcontractor under the state board of administration, payable to it as an entity distinct from the state, just as though the board of administration were not connected with the state. In that event, it would not be a statutory bond, but would be governed by the cases of Jefferson County Board of Education v. Union Indemnity Co., supra, and Fidelity & Deposit Co. v. Rainer, supra.

■ But we do not so regard the transaction. The board of administration is not in any wise separate from the state. The highway department is likewise but an agency of the state. A contract between those agencies is merely for departmental convenience in keeping separate accounts, or a matter of bookkeeping, resulting from a shifting of funds and supervision from one department to another for economic reasons. Both act for the state, and their operations are those of the state. 25 R. C. L. 393. The profits and losses are likewise those of the state. The legal status of the state to the transaction is the same as though Turner had contracted with it in name and given bond to it without the designation of the board of administration. It is quite different from the case of Agnew v. Leath, 63 Ala. 345, and others cited above, where the bond was payable to a person in being entirely distinct from the one designated by law.

■■ The general rule is that, if a bond given pursuant to a statute is payable to one other than the person named in the statute, it is not a statutory bond subject to the remedies provided for that kind of an undertaking, though it may be good as a voluntary common-law obligation. Agnew v. Leath, 63 Ala. 345; Whitsett v. Womack, 8 Ala. 368; Babcock v. Carter, 117 Ala. 575, 23 So. 487, 67 Am. St. Rep. 193. It is generally held that there is a common-law liability when the statute is not strictly complied with in some respect. 2 Michie's Dig. Ala. Rep. p. 477; Columbia County v. Consolidated Contract Co., 83 Or. 251, 163 P. 438; City of Grand Rapids v. Krakowski, 207 Mich. 483, 174 N. W. 201; State v. Royal Indemnity Co., 99

W. Va. 277, 128 S. E. 439, 43 A. L. R. 552; Vosburgh v. Middleditch, 214 Mich. 489, 183 N. W. 208; Board of Ed. v. Grant, 107 Mich. 151, 64 N. W. 1050.

At a time when the law of Alabama did not fix the obligee of a bond in a bastardy case, one that was payable to the Governor was held to comply with the statute. Lake & Barron v. Governor, 2 Stew. 395. It is also said: "So a bond to the treasurer of a town, may be sued in the name of the town, being in law a bond to the town." Bagby v. Chandler, 9 Ala. 770.

While it may have been within the province of the state board of administration formally and nominally to contract with the highway department for road construction, its act in doing so was virtually to shift to the board of administration the power to contract for such particular road on behalf of the state, or to do the work under its direct supervision as with convicts.

In order that a highway contractor's bond shall be statutory and be subject to the limitation of sixty days after the complete performance of the contract and final settlement thereof, it shall be executed by a person "entering into a contract with this State" (or county or city), and it must be payable to the state (or county or city).

■ Our analysis of the facts of this transaction is that those several agencies of the state were each acting for it. While one provision of the law directs that road contracts shall be negotiated by the highway department and approved by the Governor (section 30, Acts supra), the other provision which authorizes the board of administration thus to contract for such work (section 26, Acts supra) thereby transfers to such board the right to contract for the state, though in form it is its own contract. Its contracts are those of the state. Tevis v. Randall, 6 Cal. 632, 65 Am. Dec. 547; People v. Samuel Love, 19 Cal. 677.

■ The burden was therefore upon plaintiff to allege and prove that the suit was begun "within sixty days after the complete performance of said contract and final settlement thereof." The provision that the materialmen, etc., shall within sixty days make application for a copy of the bond is not made to extend the time limit of the right to sue, if such copy is not furnished, and it is not a condition to the maintenance of the suit. 40 USCA p. 118; Title Guaranty & Trust Co. v. Crane, 219 U. S. 24, 31 S. Ct. 140, 55 L. Ed. 72; United States v. Mass. Bond. Co. (D. C.) 198 F. 923; American Surety Co. v. United States, 77 Ill. App. 106; Purington v. United States, 126 Ill. App. 323.

Neither the complaint nor the proof shows that the suit was filed within sixty days after the complete performance and final set-

tlement of the contract. There was therefore no right to recover shown in appellee.

The judgment of the circuit court is therefore reversed, and one is here rendered for appellant.

Reversed and rendered.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.