229 So.2d 800

The FIRST NATIONAL BANK OF MONT-GOMERY, a Corporation,

v.

Cleveland HICKS.

3 Div. 7.

Court of Civil Appeals of Alabama.

Dec. 22, 1969.

Calvin M. Whitesell, Charles V. Welden, Jr., Montgomery, for appellant.

H. T. Fitzpatrick, Jr., Montgomery, for appellee.

WRIGHT, Judge.

This matter comes on appeal from judgment in the court below denying claim filed by First National Bank of Montgomery in attachment to enforce landlord's lien. The property involved was a Muntz Radio-TV Stereo set found on premises leased by defendant from plaintiff, Cleveland Hicks, and seized by the sheriff under writ of attachment.

The premises were leased by written lease executed by plaintiff and defendant on January 15, 1968, for a term of 12 months from date of execution. On February 9, 1968, defendant Featheringham borrowed $550 from claimant bank, appellant here, and it was alleged a check was issued to defendant and Dixie Electric Company in that amount. Security agreement was executed and filed for record in the probate office of Montgomery County describing the security as one color TV combination stereo.

In June, 1968, defendant departed the premises and the state, leaving behind personal property, including the Muntz-Radio-TV-Stereo set seized by the sheriff.

Summons and complaint for the sum due and unpaid under the lease was filed October 11, 1968, and a landlord's lien claimed against personal property located on the premises. Writ of attachment against a non resident was issued and executed by the sheriff on the same date.

A claim for one color TV combination stereo, financed for the defendant Featheringham by claimant was filed by claimant on the 16th of December, 1968. The claim alleged a valid security interest in the property, and averred a financing statement was filed in Montgomery County, Alabama. The claim contained no averment the property in which a security interest was claimed was that same TV radio-combination stereo seized by the sheriff under the writ of attachment. Bond was executed by claimant and issue was joined on the claim by plaintiff Hicks.

Testimony was taken before the court on the claim on March 6, 1969, and judgment rendered April 9, 1969. We here set out the judgment in its entirety.

## "JUDGMENT ON CLAIM

"On March 6, 1969, came Cleveland Hicks, the plaintiff in attachment, and The First National Bank of Montgomery, a corporation, the claimant, both personally and by their attorneys, and after taking evidence orally before the Court and considering the pleadings, proof and arguments submitted in the case, the Court is of the opinion, inter alia, that the property claimed by claimant, First National Bank, is not sufficiently described or identified in the instrument under which it asserts a lien.

"It is, therefore, CONSIDERED, ORDERED and ADJUDGED by the Court, and it is the judgment of the Court, that the personal property described in the claim of claimant First National Bank of Montgomery, a corporation, is the property of defendant in the writ of attachment, John W. Featheringham, is liable for attachment in this case, and that its value at the time of the interposition of the claim was $500.00. IT IS FURTHER ORDERED by the Court that the cost relating to this claim is assessed against the claimant, The First National Bank of Montgomery for which execution may issue.

"s/Eugene W. Carter
Circuit Judge
"Filed April 9, 1969."

■ From this judgment claimant appeals assigning 14 errors by the trial court. In brief he argues only the 1st assignment—that "the trial court erred in refusing to grant appellant's motion for new trial." Under Rule 9, Revised Rules of the Supreme Court of Alabama, all other assignments are waived.

The case was submitted to this Court on oral argument and briefs as to the merits and on motion to dismiss filed by appellee.

■ Appellee moves to dismiss the appeal for failure of appellant to serve defendant Featheringham with notice of appeal as provided by Title 7, Section 804, Code of Alabama. We do not consider it necessary that this section be complied with on this appeal. The judgment appealed from was on claim of appellant and not against defendant Featheringham. We can see no possible injury to defendant Featheringham by failure to give notice of this appeal and we do not consider him a necessary party. Self v. Hane, 262 Ala. 446, 79 So.2d 549.

Motion to dismiss appeal is denied.

There have been propositions of law raised by appellant, in brief, which if considered appropriate to this appeal would involve interpretation of certain sections of Title 7A, of the Code of Alabama, better known as the Uniform Commercial Code. The question of priority of liens and their perfection would need to be determined.

In fact, appellant submits in brief that the sole question to be decided is the priority of the liens claimed.

We do not agree that these matters are properly before the court under the assignment of error argued in brief, and do not consider their determination necessary or proper for disposal of this appeal.

As we interpret the judgment of the court below, it is, in fact, a finding that there was insufficient evidence presented on hearing to support appellant's claim. After reviewing the claim and the evidence introduced in proof thereof, we are in complete agreement with the trial court. There is no evidence in the record that the "Muntz Stereo Record player, radio and color TV Combination" seized by the sheriff on the leased premises is the "1 Color TV Combination Stereo" shown on the financing statement or the alleged security agreement or that was allegedly purchased with the check issued by claimant to defendant and Dixie Electric Company.

The issues in claim suits such as this, are framed and tried under Title 7, Sections 1168, 1169, Code of Alabama 1940. The plaintiff in the case must prove at least prima facie title in defendant, after which the burden shifts to claimant to prove such title in himself as would support an action of detinue. McDonald v. Stephens, 204 Ala. 359, 85 So. 746, Ex parte State, ex rel. Attorney General, 245 Ala. 193, 16 So.2d 187.

To establish title or superior right to possession, proof of identity of property is a necessary element.

If the TV-Stereo set in which claimant avers a security interest was the same as that seized under attachment writ, it could have and should have been proved by proper evidence. It was claimant's burden to do so, and it clearly failed.

The judgment of the court below is

Affirmed.