255 So.2d 342

Cleveland HICKS

v.

The FIRST NATIONAL BANK OF MONTGOMERY, a Corporation.

3 Div. 34.

Court of Civil Appeals of Alabama.

Nov. 24, 1971.

Thagard, P. J., not sitting.

H. T. Fitzpatrick, Jr., Montgomery, for appellant.

William R. Gordon, Montgomery, for appellee.

PER CURIAM.

In the Circuit Court of Montgomery County, Cleveland Hicks, holding a landlord's lien, filed suit to procure a writ of attachment against a certain Muntz stereo record player and other personal property of his tenant, John W. Featheringham. Appellee, The First National Bank of Montgomery, having financed the purchase of the record player and having what it believed to be a valid security interest in it, filed a statutory claim suit to establish its priority to the property. As required by statute, appellee-bank posted bond upon entering the suit, conditioned that if it lost it would pay damages of the delay. The bond went further than the requirements of the statute, however, and said appellee-bank will "pay the Plaintiff all such costs and damages as he may sustain by reason of the wrongful affidavit in said cases." The circuit court determined that due to an insufficient description of the property in the security interest that the interest was not valid and rendered judgment against appellee-bank. The judgment of the trial court was affirmed on appeal to this court. The First National Bank of Montgomery v. Hicks, 45 Ala.App. 298, 229 So.2d 800. Appellant then filed suit to collect all its costs, including attorney's fees from appellee-bank on the bond posted. A demurrer was sustained to appellant's complaint, he amended and again a demurrer was sustained, at which point appellant took a non-suit and appealed to this court.

The bank's demurrer consisted of twelve grounds, most of which, we think, are summarized in ground 4, which reads as follows:

"It fails to allege that the property was not forthcoming or that the Defendant's claim was interposed for delay or that there were any damages that arose because of the delay."

Appellant's assignments of error are three in number, viz: 1. The trial court erred in sustaining defendant's demurrer to count 1(a) of the amended complaint. 2. The trial court erred in sustaining defendant's demurrer to count 2(a) of the amended complaint. 3. The trial court erred in entering a final judgment dismissing the amended complaint.

So, the prime issue here is whether a bond voluntarily given pursuant to a statute, but containing conditions more favorable to the adverse party than required by statute, and not in violation of public policy or forbidden by law, may be enforced as a common law obligation in strict compliance with its conditions; or, conversely, whether the conditions required by statute but omitted from the bond shall be read into the bond and the conditions not required by statute read out?

As applied to this case, is the appellant entitled to recover of appellee all such costs and damages as he may have sustained by the filing of the wrongful affidavit in the case, as conditioned by the bond sued upon; or is he limited to all such costs and damages as may be recovered for interposing the claim for delay, as required by statute?

Appellant Hicks contends that the grounds of demurrer were vague, general and unspecific and should not have been sustained, citing Tit. 7, § 236, Code of Alabama 1940, Recompiled 1958, which reads:

"No demurrer in pleading can be allowed except as to matters of substance, which the party demurring specifies; and no objection can be taken or allowed which is not distinctly stated in the demurrer."

Ground 4 of appellee's first demurrer says: "It [the complaint] fails to allege that the property was not forthcoming or that the Defendant's claim was interposed for delay or that there were any damages that arose because of the delay.", which in effect, says that the complaint failed to allege any forfeiture of the conditions required of a bond conditioned as required by statute.

If, as appellant contends, a bond that contains more stringent conditions than required by statute may be enforceable as a common law bond, the aforegoing ground of demurrer was not vague, general, or unspecific.

The pertinent statute, Tit. 7, § 1168, of the Alabama Code reads as follows:

"When an execution, attachment, or other like writ issued from any court or by any officer, is levied on personal property as to which any person not a party to the writ claims to own the title, legal or equitable, or a lien paramount to the right, title, or interest in the property of the defendant in the writ, such person may try the right to such property before a sale thereof upon making affidavit by himself, his agent, or attorney, which may be taken by the officer levying the writ, or any officer authorized to administer oaths, that he holds such title to or such lien upon, the property claimed, and executing bond with two good and sufficient sureties to be approved by the officer making the levy and payable to the plaintiff in double the value of the property levied on and claimed, the value thereof to be determined by the officer making the levy; but in no case to be more than double the amount of the writ levied, with condition to have the property forthcoming for the satisfaction of the judgment or claim of the plaintiff, if it be found liable therefor, *and also for the payment of such costs and damages as may be re-*

*covered for interposing the claim for delay;* whereupon the property levied upon must be delivered into the possession of the claimant." (Emphasis added)

A comparison between the terminology of the foregoing statute and of the bond sued upon follows:

"Now if the said The First National Bank of Montgomery, a corporation, shall fail in this suit, it shall have the property forthcoming for the satisfaction of the judgment or claim of the Plaintiff and *shall pay the Plaintiff all such costs and damages as he may sustain by reason of the wrongful affidavit in said case,* then this obligation to be void, otherwise to remain in full force and effect." (Emphasis added)

Appellee-bank contends that a bond or obligation entered into pursuant to the requirements of a statute must be construed as if it contained the conditions and only the conditions required by statute, and cites American Book Co. v. State, 216 Ala. 367, 113 So. 592, as authority for this proposition.

It is true that the American Book Co. v. State case, supra, contains this statement:

"To an understanding of the contract it must be answered in the first place whether the state had the authority of law to insert the challenged provisions in the contract. The inquiry is necessary under the liability of suretyship and the rule that a bond or obligation given or undertaken under authority of law, must not include matter not provided or required by law, and an unauthorized provision will be 'read out of it'; and the contrary rule that whatever necessary matter is not expressed, yet required to have been incorporated under the law, 'will be read into it' and given the effect which in reason and law must have been intended by the parties and into which the statute entered and became a part of the undertaking. Miller v. Bonner, 163 La. 332, 111 So. 776, 779; 9 Cyc.

582." (216 Ala. at page 371, 113 So. at page 592)

The facts in the *American Book Co.* case, supra, were that the State had awarded a contract to American, as low bidder, to sell to the patrons of the public schools of Alabama textbooks at a price no higher than those furnished to any other state, county, or school district in the United States, where like conditions prevail as are prevailing in this state under this article. The contract was prepared by the Attorney General of Alabama, and the book company contended that the Attorney General included more stringent provisions in the contract than the statute required. The Supreme Court decided that issue against the book company, saying, inter alia:

"The obligors of statutory contracts and suretyship are presumed to have known the provisions of the statute entering therein, and to have contracted with reference thereto, and with such knowledge and intention bound by the undertaking according to the law. * * *" (216 Ala. at page 371, 113 So. at page 595)

The State had sought and obtained a temporary injunction against the book company on the ground that they were selling textbooks in Tennessee cheaper than in Alabama, in violation of the contract with Alabama. The Supreme Court reversed and remanded, assigning as its reason that the State had not made out its case on the pleading and preliminary hearing of the facts.

If the first above quoted portion of the opinion in the *American Book* case, supra, is anything more than *obiter dictum* it is in sharp conflict with earlier expressions of the court without expressly overruling them. Appellant, in his reply brief, says that the obligee [the State] itself inserted the extra-statutory provisions, and it was fairly and properly held that the obligor should have no liability beyond that set by statute since the beneficiary had no right

to enlarge upon the terms of the statute for its own benefit. We do not read the *American Book* case, supra, as does either appellant or appellee. The decision quotes from §§ 387 and 388 of the School Code as follows:

"The state board of education and any contractor agreeing thereto, may in any manner change or alter any contract, provided a majority of the state board of education shall agree to the change."

After reciting the above from the School Code the court, speaking through Justice Thomas said, inter alia, as follows:

"This indicates the legislative intent to confer a discretion upon the state board of education to make reasonable changes in the terms and conditions imposed or to be imposed, within the law and to the end in question. * * * Any reasonable condition, not in violation of express provisions of law, is thus left to the discretion of state officials and the right of contract of the parties competing for the patronage of the people. * * * The conditions voluntarily accepted by respondents are not contrary to law; it will not now be heard to say that the state lacks power to contract and in making its award. Defendants were not misled and are therefore bound. * * *" (216 Ala. at page 372, 113 So. at page 597)

As we said, the case was decided on the failure of the State to meet its burden of proof on the preliminary hearing of facts. We fail to find that the *American Book Co.*, supra, gives much support to the position of either party.

In the opinion of Sewall v. Franklin, 2 Port. 493 (1835), cited by appellant, there appears this statement:

"From this review of authorities, it appears that bonds taken by civil officers and in relation to judicial proceedings, though without the authority of our statute, (like bonds between individuals, under other circumstances) if they appear to have been given on valid and sufficient consideration, such as is neither illegal or immoral, may be good as common law bonds." (2 Port. at page 503)

Then, in Consolidated Indemnity & Ins. Co. v. Texas Co., 224 Ala. 349, 140 So. 566, also cited by appellant, in which a bond was to have been executed by one J. B. Turner for the completion of a contract by him to build a portion of a public road in Alabama, and the contract was with the State Board of Administration and was payable to it rather than to the State as required by law, the court said:

"The general rule is that, if a bond given pursuant to a statute is payable to one other than the person named in the statute, it is not a statutory bond subject to the remedies provided for that kind of an undertaking, though it may be good as a voluntary common-law obligation. * * *" (224 Ala. at page 352, 140 So. at page 568)

The court also said:

"It is generally held that there is a common-law liability when the statute is not strictly complied with in some respect. * * *" (224 Ala. at page 352, 140 So. at page 568)

In support of his argument that the fact that the pertinent Alabama statute does not prohibit enlargement of its terms is a positive factor in fixing liability under a voluntary bond appellant cites Whitsett v. Womack, 8 Ala. 466 (1845), in which the court said:

"If a statute require that a bond shall be taken in a certain prescribed form, and not otherwise, no recovery can be had thereon, if it vary from the statute, or contain more than the statute requires. * * *" (8 Ala. at page 476)

Continuing, the court said:

"But if the statute does not declare, that the bond shall not be taken in another form, a bond not conformable to the statute may be good by the common law. * * *" (8 Ala. at page 476)

Also:

"Where the authority to take a bond is wholly derived from the statute, if the bond be in a larger sum than is required, or on condition, and be not voluntarily given by the obligor, it is void. * * *" (8 Ala. at page 476)

It would seem that the corollary principle would be that if such a bond be given voluntarily it would not be void. This principle is supported by Munter & Faber v. Reese, 61 Ala. 395 (1878), where a bond was posted under a mistaken belief that it was required by statute. The court upheld the bond, saying:

"It is a familiar principle, that bonds intended to be taken in compliance with statutes, though not sufficiently so to be valid under the statute, may be good at common law; and will be, if voluntary, founded on a valuable consideration, and not violative of the law. * * *" (61 Ala. at page 398)

Also:

"The want of statutory authority for the bond, and the misapprehension by the principal obligor of her legal remedy, and by the sheriff of his duty, do not necessarily render the bond void. * * *" (61 Ala. at page 397)

In another case cited by appellant, that of Union Indemnity Co. v. State, 217 Ala. 35, 114 So. 415, it was held that a highway performance bond executed by a contractor to the State, containing conditions added by the State to protect materialmen and laborers, which conditions were not authorized by statute, was enforceable in favor of materialmen and laborers.

Appellant cites two Alabama cases that we think are directly in point, that of Adler v. Potter, 57 Ala. 571 and Miller v. Vaughan, 78 Ala. 323.

In the *Adler* case, supra, a replevy bond was given to stop an attachment. The bond was conditioned to pay an amount equal to the value of the property in the attachment suit, while the 1877 statute required that obligor pay no more than the amount of the judgment in the case. The court, in holding obligors liable on their greater, voluntary bond undertaking, said:

"As we have said, this is not a statutory bond, and is valid and operative only as a common-law obligation. The measure of recovery is consequently the value of the property replevied, at the time it should have been delivered, in compliance with the conditions of the bond. The court erred in adjudging the amount of the judgment was the measure of recovery, and rendering judgment therefor without evidence that the value of the property equalled *or exceeded* the judgment. The error compels a reversal." (57 Ala. at page 574) (Emphasis added)

In the Miller v. Vaughan case, supra, the bond was supposedly a supersedeas bond, but instead of simply superseding the judgment, it contained the broader condition that defendant "shall satisfy and pay whatever damages the plaintiff may sustain by reason of said appeal in the event the judgment of said court shall be affirmed." The court held that the bond was not a supersedeas bond under the statute, but was a common-law bond, it having been voluntarily executed, and founded on a valuable consideration, and that the obligors were bound for damages sustained by the appellee, by reason of the loss of possession of the lands, and for expenses incurred for the services of an attorney in resisting a reversal of the judgment.

The nearest expression that we have found that contradicts the holding in Miller v. Vaughan, supra, is that hereinabove quoted from the *American Book Co.* case, supra, but since the court in said opinion, at a point a few paragraphs down, specifically held that the contract contained no unauthorized provisions, the passage hereinabove quoted (and obviously relied on so heavily by appellee) was not necessary to the decision, was mere dictum, and not an authority in support of appellee's position.

Thus, we hold that if appellant proves the allegation of count 1(a) to the reasonable satisfaction of the court or jury he will be entitled to collect such damages as the proof justifies, and that the learned trial judge erred in sustaining the demurrer to count 1(a) of the amended complaint.

Appellee, in its brief, calls attention to Tit. 7, § 1170, of the 1940 Code of Alabama, Recompiled 1958, which fixes a recovery limit of 15 percent of the amount of the execution, in cases in which an execution has been levied. However, since no ground of appellee's demurrer went to that point, the question is not properly before us on this appeal and we pretermit any discussion of the same.

Reversed and remanded.

THAGARD, P. J., not sitting.