# Williams *v.* Alabama Great Southern Ry. Co.

### Damage for Death of Employe.

(Decided Dec. 17, 1908.   Rehearing denied Feb. 5, 1909.
48 South. 485.)

*Limitation of Action; Death; Computation of Period.*—Sections 3910-3912, Code 1907, do not create an entirely new right of action, but merely continues the cause of action which the injured servant had, for the benefit of the distributees of his estate; so an action for injuries to the servant resulting in his death, commenced by his personal representative under section 3912, more than a year after his injuries were received, is barred by subdivision 6 of section 4840 of the Code of 1907.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by Carter Williams, administrator, against the Alabama Great Southern Railway Company for damages for the death of his intestate, an employe of defendant. From a judgment for defendant, plaintiff appeals. Affirmed.

FRANK S. WHITE & SONS, and S. C. M. AMASON, for appellant. There being no limitations in Code by the Employer's Lia. Act, the general statute applies, and

under the general statute of limitations, the statute does not begin to run until the cause of action has accrued.— Sec. 2793, Code 1896. The sections which control this case, are, subd. 6 of section 2801 and section 2815. Construing these sections by their terms, it would seem that the six months elapsing, pending the appointment of an administrator is not to be counted in the time of the running of the statute.—*McNeill v. McNeill*, 35 Ala. 30; *Lee v. Downey*, 68 Ala. 98; *Allen v. Elliott*, 67 Ala. 432; *Greil v. Jones*, 1 Stew. 254. Where the action had not accrued at the time of the death of the intestate, the statute of limitations did not run at all until a personal representative had been appointed.—*Johnson v. Wrenn*, 3 Stew. 172; *Bohanan v. Chapman*, 13 Ala. 996; *Wyatt v. Rambo*, 29 Ala. 510. The statute did not begin to run at the time the injury was inflicted but did begin to run at the time of the death of the intestate, excluding the time for the appointment of an administrator.—34 Conn. 67; 15 Conn. 145; Angel on Lim. p. 45; 8 A. & E. Ency of Law, 876.

A. G. & E. D. SMITH, for appellee. To uphold the contention of the appellant would be to allow two suits for the same injury, one for the injury to the party himself and the other to his representative after his death.— Sherman & Redfield on Neg. p. 140; *Ann Littlewood v. Mayor, etc. of New York*, 89 N. Y. Rep. 24. The bar of the statute was complete before the death of the injured party.—Authorities supra, and Elliott on Railroads, parag. 1373; *Canadian R. R. Co. v. Robinson*, 54 A. & E. R. R. Cases, 49.

DENSON, J.—This is an original action, by the plaintiff, as administrator of the estate of Jack Williams, deceased, to recover damages of the defendant for negli-

gently inflicting a personal injury upon the intestate, which, it is alleged, resulted in his death. Said injury is alleged to have been received by plaintiff's intestate while he was in the employment of the defendant as flagman of one of defendant trains, and while engaged in the performance of his duties as such flagman. The action is based upon the employer's liability statutes.—Sections 1749-1751 of the Code of 1896; sections 3910-3912 of the Code of 1907. Defendant interposed amongst other defenses, the plea of the statute of limitations of one year, in bar of the plaintiff's cause of action. The undisputed proof showed: That the injury occurred on the 15th day of July, 1901; that the intestate died on the 1st day of September, 1903; that original letters of administration were granted to plaintiff on the estate of the intestate on the 21st day of June, 1904; and that this action was commenced on the 4th day of October, 1904. On this state of the proof, the court, at the request of the defendant in writing, charged the jury as follows: "If the jury believe all the evidence in this case, they must find a verdict for the defendant." As is clearly shown by the record, as well as by the contentions of counsel on both sides, the charge was requested and given on the notion that plaintiff's cause of action was, at the commencement of the suit, barred by the statute of limitations pleaded.

For the purposes of this discussion it may be, as we understand it is in fact, conceded that, while the plaintiff's intestate might, under the facts alleged in the complaint, have maintained his action under section 1749 of the Code of 1896, on account of the injury suffered, yet unless his action had been commenced within one year from the day on which he received the injury, the action would have been barred by the limitations of one year, as prescribed by section 2801 of the Code of 1896 (section 4840 of the present Code). Therefore, before the intes-

[Williams v. Alabama Great Southern Ry. Co.]

tate died—upon the facts of this case—the statute had completed the bar, in so far as his right of action was concerned. Section 1751 of the Code of 1896 (section 3912 of the Code of 1907) reads as follows: "If such injury results in the death of the servant or employe, his personal representative is entitled to maintain an action therefore, and the damages recovered are not subject to the payment of debts or liabilities, but shall be distributed according to the statute of distributions." It is in virtue of this statute that the plaintiff seeks to maintain this action, and, recognizing the applicability generally of the same statute of limitations to the right of administrators to maintain such actions, it is insisted by the plaintiff that the administrator's cause of action accrued, not when the injury occurred, but at the time the intestate's death occurred, or at the time letters of administration were granted; therefore that the statute did not begin to run, in this case, until the letters of administration were granted (Code 1896, § 2815), and, in this view, that, plaintiff's action having been commenced while the statute was current, the defendant's plea was not sustained. So the question for our determination is: When did the plaintiff's cause of action accrue? When did the statute begin to run?

The object of the statute (section 1751, Code 1896), as we understand it, was to continue the cause of action which the person injured had—and which he had not enforced, but might have enforced had not death intervened—for the benefit of the legal distributees of his estate; and to enable the distributees to obtain their damages, resulting from the same primary cause, and not to create an entirely new and additional right of action, although the mode of estimating the damages might be entirely different from that employed had the action been brought by the employe. "In the view we take of

the statute, the right to be enforced is not an original one, springing into existence from the death of the intestate, but is one having a previous existence, with the incident of survivorship, derived from the statute itself." The insistence of the appellant is contrary to this view, and is founded on the idea that the cause of suit by the administrator is the death of his intestate, and not the negligence of the defendant in causing the injury which finally resulted in the death of the intestate. This theory would manifestly lead to anomalous, if not incongruous, consequences. The injured person might live quite a number of years, and his right of action would be barred during his lifetime; and yet, after his death, should his administrator bring suit (as was here actually done), he could recover, provided actionable negligence be shown, and proof be made that the death resulted from the injury. We think the very language of the statute repels the theory of the plaintiff: "If such injury results in the death of the servant or employe, his personal representative is entitled to maintain an action therefor." Thus is seems clear that no new cause of action is contemplated, but that the statute simply devolves upon the personal representative the right to prosecute the same cause of action the servant or intestate had. It may be true that the action is, in a sense, a new one, in interest of the distributees of the estate of the intestate. It is the creature of the statute. At the common law no such action could be maintained (actio personalis moritur cum persona), and in that respect it is new. It originated for the benefit of the distributees of the intestate, at his death, and is for damages that for him did not exist.

"But the measure of the administrator's right to have the employer declared responsible toward him is to be ascertained by the rights the deceased himself had

[Williams v. Alabama Great Southern Ry. Co.]

against the employer." And it seems to us the correct construction of the statute to say that there is attached to the administrator's right of action the implied statutory condition that, at the time of the employe's death, he had a right of action that could be enforced. If his right was then gone, or if his right was then barred, the administrator has no claim. "The statute extends the remedy to the administrator, but does not revive the defendant's liability if it had been extinguished. It simply gives him the right to avail himself of the right to the action the deceased had at his death," and it is given for the same wrongful act or neglect. That is the essential foundation of the action in either case. The wrong to be redressed is the same in both cases. The foregoing views are fully supported by the reasoning of the Supreme Court of Canada, in the case of *Canadian Pacific R. Co. v. Robinson,* 51 Am. & Eng. R. R. Cas. 49; but it is said by counsel for the appellant that the decision of the Supreme Court was reversed, on appeal to the House of Lords (L. R. [1892] 481). It is true the judgment of the Supreme Court was reversed as stated, but a critical examination of the opinion of Lord Watson will show that the reversal depended upon the failure of the Supreme Court to regard the peculiar features of the statute then under consideration; and, as applied to our statute, the reasoning employed in the opinion of the judges of the Supreme Court is entirely appropriate. The Canadian statute was in this language: "In all cases where the person injured by the commission of an offense or a quasi offense dies in consequence, without having obtained indemnity or satisfaction, his consort and his ascendant and descendant relations have a right but only within a year after his death, to recover from the person who committed the offense or quasi offense, or his representative, all damages occasioned by such

26—8

death." The deceased lived more than a year after the injury was inflicted that caused his death, and the action was commenced within a year from his death.

Another statute of Canada (section 2262 [2] of the Code) provided that actions "for bodily injuries" were prescribed by one year, saving the special provisions contained in section 1056, and cases regulated by special laws. It was held by the House of Lords: That the conditions affecting the right of action competent to the deceased, being prescribed or specified in the statute, were so delineated "for the purpose of making it clear that no conditions affecting the personal claim of the deceased, other than those specified, are to stand in the way of the statutory right conferred upon his widow and relatives;" that notwithstanding the deceased's right of action was barred at the time of his death, yet the statute provided one year from the death as the time within which the widow might bring suit; and that therefore to hold that, because the deceased's right of action was barred at his death, the widow's right of action was cut off, would be to add to the language of the statute words not to be found there, such as "and without his claim having been otherwise extinguished," or, in other words, would involve the insertion of a new condition which the Legislature had excluded. So the decision of the House of Lords is based (as must be all decisions construing statutes) upon the particular statute then submitted for construction.

In *Fowlkes v. N. & D. Ry. Co.*, 5 Baxt. (Tenn.) 633, we have a case almost on all fours with the one in judgment. A statute of Tennessee provided that: "The right of action which a person who dies from injuries received from another, or where death is caused by the wrongful act or omission of another, would have had against a wrongdoer, in case death had not ensued, would not

abate or be extinguished by his death, but was to pass to his personal representative for the benefit of his widow and next of kin." There was no statute of limitation expressly applicable to that class of cases, but by another section it was provided that actions for personal injuries should be commenced within one year after the cause of action acrued. The court held that, under this last section, the cause of survivors' action accrued when the injury was received, or at the time of the wrongful act or omission, and that consequently, as to their action, the statutory limitation of one year began to run from that time, as it would have begun to run, for the decedent's action itself, had he survived his injuries. Thus it is substantially held that the survivors' action was brought for the same cause that the injured party would have proceeded upon had he, himself, been the plaintiff; that it is not the death of the injured party that is the cause of the survivors' action.—*Read v. Great Eastern R. Co.,* 9 B. & S. 714; *Haigh v. Royal Mail Steam Packet Co.,* 52 L. J. Q. B. 640; *Dibble v. New York, etc., Co.,* 25 Barb. (N. Y.) 183; *Littlewood v. Mayor, etc.,* 89 N. Y. 24, 42 Am. Rep. 271.

From the foregoing considerations, it remains to us only to announce our conclusion: That the statute of limitations of one year commenced to run from the time the intestate received the injury; and, therefore, on the undisputed evidence, the affirmative charge was properly given for the defendant.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.