(85 South. 264)

## GULF STATES STEEL CO. v. JONES.
### '(7 Div. 32.)

(Supreme Court of Alabama.   Feb. 5, 1920.)

**1. Death ⊕=39 — Limitations run from date of injury to employé, and not from date of death.**

Administratrix's action under Code 1907, § 3912, against intestate's employer for death from injuries caused by employer's failure to provide proper appliances as required by section 3910, subd. 1, was barred by limitations, where brought more than one year from date of injuries; the statute running from date of injury and not from date of death.

**2. Limitation of actions ⊕=195(3)—Burden of proving commencement within prescribed period on plaintiff.**

In action for death under Homicide Act, plaintiff has the burden of showing that he commenced his action within the two years prescribed in the' act.

**3. Death ⊕=78—Punitive damages only recoverable in action under Homicide Act.**

In action for death under the Homicide Act, punitive damages only, and not compensatory damages, are recoverable.

**4. Master and servant ⊕=286(17) — Whether scaffold was in safe condition held for jury.**

In action for death of employé from defective. scaffolding, question of whether the flooring of the scaffold was fixed or was constituted of loose, overlapping planks was for the jury, where the evidence in regard thereto was conflicting.

**5. Death ⊕=103(2)—Whether injuries caused death held for jury.**

Whether death of employé was attributable in any degree to injuries alleged to have been received because of employer's negligence *held* for jury.

**6. Evidence ⊕=383(11)—Mortality tables not conclusive as to life expectancy.**

In action for death, mortality tables are not conclusive as to life expectancy.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by Neona Jones, as administratrix of the estate of George Jones, against the Gulf States Steel Company for damages for the death of her decedent while in the employment of the defendant. Judgment for the plaintiff, and defendant appeals. Reversed and remanded.

Hood & Murphree, of Gadsden, for appellant.

The statute of limitations was a bar to count 1, and the court erred in its oral charge, and in refusing the defendant's charge thereon. 9 Ala. 524; 158 Ala. 396, 48 South. 485, 17 Ann. Cas. 516; 177 Ala. 441, 59 South. 155. Gulf States Steel Co. v. Jones, 203 Ala. 450, 83 South. 356. The court erred in its charge on the life expectancy. 144 Ala. 192, 40 South. 280. Under the Homicide Act the damages are punitive, not compensatory. 191 Ala. 398, 67 South. 604.

John H. Disque and E. O. McCord, both of Gadsden, for appellee.

Although a charge is erroneous, if no injury is done, the reversal should not follow. 31 Ala. 59,. 68 Am. Dec. 150; 127 Ala. 445, 30 South. 61; 143 Ala. 411, 39 South. 136; 202 Ala. 312, 80 South. 395. The statute of limitations was not applicable, and the failure to reply was not prejudicial. 200 Ala. 617, 76 South. 975; section 4855, Code ' 1907. Counsel discuss other assignments of error, but without further citation of authority.

McCLELLAN, J.   The plaintiff's (appellee's) case was stated in three counts. All of the counts proceeded on the theory that plaintiff's intestate (George Jones) was an employé of the defendant (appellant), and then engaged in its service at the time he was injured. The first count, drawn to state a cause of action under Code, § 3910, subd. 1, and section 3912, avers that Jones was injured on or about July 4, 1917, and that from this injury he died on April 10, 1918. The second count would declare for a breach of the common-law duty to exercise reasonable care and diligence to provide Jones, who is averred to have been thereby proximately caused to lose his life (Code, § 2486), with a reasonably safe place in which to work. Merriweather v. Sayre Mining Co., 161 Ala. 441, 49 South. 916, among others. The third count was withdrawn by plaintiff while the court was delivering its oral charge to the jury.

In the minute entry expressing the court's.

rulings on demurrers to the complaint, this is recited:

"Thereupon, on agreement between the parties in open court, the pleadings in the cause are in short by consent, the defendant pleading contributory negligence and assumption of risk when appropriate, and plaintiff making such replies as are appropriate, with leave to offer in evidence the same as if specially pleaded."

Whether the agreement, as above defined, comprehended a general traverse of the allegations of counts 1 and 2 (that numbered 3 being later withdrawn) may be quite doubtful. In the view taken of the case on other points, it is not necessary to decide that question, which would turn upon a construction of the language quoted, in the available light of the trial court's statement, in the oral charge, that defendant had pleaded "not guilty" to each count of the complaint, thus casting the burden of proof on the plaintiff to sustain the material allegations of her complaint.

Subsequently, on February 24, 1919, the defendant was granted leave to file this "special plea":

"Comes the defendant, for answer to the complaint, and each count thereof, separately and severally, saith that the cause of action stated therein for the death of plaintiff's intestate is barred by the statute of limitations of one year."

In the oral charge the court stated that—

"If the jury believe the evidence, that it is not barred by the statute of limitations."

Exception was reserved to this statement in the oral charge. At the instance of the plaintiff, the court gave a special charge concluding to like effect. The court refused the general affirmative charge, requested by the defendant, concluding against a recovery under count 1; and, also, a like request with respect to count 2.

[1] According to the apt authority of Williams v. A. G. S. Ry. Co., 158 Ala. 398, 48 South. 485, 17 Ann. Cas. 516, the court erred in denying deserved effect to the pleaded statute of limitations as a bar to a recovery under count 1, which was alone referable to the right, assured by Code, §§ 3910 (subd. 1) and 3912. It was there held that the cause of action a personal representative might assert under Code, § 3912, accrues at the time the injury, later resulting in death, is suffered, and that under this statute (section 3912) the one-year statute of limitation begins to run from the date of injury, not from the date of the death of the employé. Plaintiff's intestate was injured in the early days of July,

204 Ala.—4

1917, and the action was commenced August 2, 1918, more than one year after the date of his injury. Hence the cause of action declared on in count 1 was barred by the statute of limitation, pleaded to each count separately. The view taken and given effect by the trial court led, as indicated, to reversible error.

[2] Count 2, declaring on a cause of action created by our Homicide Act (Code, § 2486) was not subject to the limitary effect asserted in the plea, since two years is the period expressly allowed therein for commencing actions created by it. L. & N. R. R. Co. v. Chamblee, 171 Ala. 188, 54 South. 681, Ann. Cas. 1913A, 977. Indeed, no such plea is necessary in answer to a complaint under the Homicide Act, the plaintiff having the burden to show that he commenced his action within the two years prescribed in the Homicide Act. L. & N. R. R. Co. v. Chamblee, supra.

[3] In an excepted to excerpt from the oral charge of the court the jury was advised that, if plaintiff was found entitled to prevail, the damages recoverable were compensatory. This was error, as far as count 2 was involved, since the damages recoverable in an action under the Homicide Act (section 2486) are punitive only. Burnwell Coal Co. v. Setzer, 191 Ala. 398, 403, 67 South. 604; L. & N. R. R. Co. v. Street, 164 Ala. 155, 51 South. 306, 20 Ann. Cas. 877.

[4, 5] That the "scaffold" way, or ways, running behind and to the side of the battery of boilers was a permanent structure, a part of the plant and used in its operation, is clearly shown by the evidence, particularly that of witnesses for the defendant. Whether the flooring of this way, or ways, was fixed or was constituted of loose, overlapping plank or scantling was a subject of conflict in the evidence. That phase of the issue was due to be submitted to the jury. Whether intestate was negligently injured as claimed, and whether his death was attributable, in any degree, to the injury suffered, as plaintiff contends, were questions for the jury. L. & N. R. R. Co. v. Chamblee, supra.

[6] The trial court entertained and expressed the view, in effect, that intestate's life expectancy shown by the mortality tables was conclusive in the premises. This was erroneous, and may have been highly prejudicial. L. & N. R. R. Co. v. Anderson, 150 Ala. 350, 43 South. 566.

For the errors indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.