160 So. 715

## GRAY et al. v. WILLIAMS.

### 6 Div. 591.

Oct. 11, 1934.

Rehearing Denied Jan. 24, 1935.

Cabaniss & Johnston and Jos. F. Johnston, all of Birmingham, for appellants.

Harsh, Harsh & Hare, of Birmingham, for appellee.

BOULDIN, Justice.

Count A of the complaint, one of the counts on which the cause was tried, claimed damages "for that heretofore to-wit on July 9, 1931, a servant or agent of defendants acting within the line and scope of his authority as such servant or agent committed an assault and battery on the person of plaintiff."

An an approach to the questions raised touching this count, we first review certain tendencies of the evidence.

Plaintiff, Bennie Lou Williams, a girl 15 years of age, was living with her mother at Mulga, Ala., a mining camp.

Defendant, Walter Gray, had sworn out a warrant for the arrest of one Collier, on a charge of theft of Mr. Gray's automobile. This warrant, issued by lawful authority, was placed in the hands of Claude H. Thaxton, a constable, at Porter, some ten miles from Mulga.

On the occasion named, according to plaintiff's version, Thaxton, accompanied by the defendants Walter Gray and O. B. Hambrick, came to the home of Mrs. Williams, now Mrs. Cheatham, between 8 and 9 o'clock at night. Thaxton knocked at the front door; getting no response, he went to and knocked on the back door.

Mrs. Cheatham says at this point she called to know who it was. Thaxton replied: "Thaxton from Porter * * * get up and open the door, Mrs. Williams." She opened the door slightly, and Thaxton asked if the Collier boy was there. She answered: "No." He asked: "Are you sure?" She asked: "What is the matter?" He said: "I want to get hold of him and he has not been in Porter for two or three days." He then said he believed Collier was there. The mother had meantime directed the daughter to hold the door, which she did. Thaxton then said: "Someone hand me a light. I am going to search the house." The daughter, this plaintiff, said, "Don't do that." Some one handed him a flash-light, he pushed by the plaintiff, entered the house, and searched for Collier. He was not there.

The plaintiff's testimony is to similar effect, varying in some details. She says Thaxton put his hand upon her shoulder and pushed her back, so that he could enter the door. No physical injury was inflicted. The search was orderly.

Defendants' evidence was to the effect that Thaxton, the officer, after several days' effort to locate Collier, was informed that he was at the home of Mrs. Williams, or might be there. He had been there some days before. Defendant Hambrick, at Thaxton's request, carried him from Porter in Hambrick's automobile.

Defendants' witnesses all deny the presence of Mr. Gray at the time. They testify that the third party was E. H. Robinson, a deputy sheriff, who went with Thaxton, the constable, at the latter's request. They also deny that Thaxton entered the house, or touched the person of plaintiff; say light was turned on in the house; and, on being assured by Mrs. Williams that Collier was not there, Thaxton and associates went away.

Appellants first insist count A was a departure from the original complaint, worked a complete change of the cause of action, and defendants' objection to allowing same should have been sustained in the court below.

The original complaint counted upon a trespass upon the premises and wrongful search of plaintiff's dwelling. The amended count A, for assault and battery, a trespass against the person, does not, on its face, indicate any relation to the alleged trespass to lands.

But under our liberal system of amendments two or more torts, parts of the same transaction, may be joined in the first instance. Bringing one of them in by amendment is allowable. By further amendment, the cause may be tried on any one or more of the alleged torts committed in course of the same transaction. It is not necessary the complaint should show the several counts relate to torts which arise out of the same transaction. This, by statute, is made a question of fact for the jury. If any assault and battery was committed on the person of plaintiff under the facts of this case, it occurred in connection with, and as part of, an unlawful and forcible entry into the dwelling, and a part of the same transaction within the meaning of our amendment statute. One of its purposes is to inquire into all phases of the affair in one action; the

parties being the same. Code, § 9513; First Nat. Bank of Gadsden v. Morgan, 213 Ala. 125, 104 So. 403; Horst v. Barret, 213 Ala. 173, 104 So. 530; Central of Georgia Railway Company v. Foshee, 125 Ala. 199, 27 So. 1006; Crawford v. Mills, 202 Ala. 62, 79 So. 456.

Count A, however, is in case, based on the doctrine of respondeat superior, the basic principle of which is the relation of master and servant, employer and employee. Evidence is entirely wanting of any such relation between Thaxton and either of these defendants. That Thaxton was there as a public officer, commanded by a warrant in his hands to arrest Collier, was proven without objection to form of proof; and all the evidence discloses he was acting as such officer.

■ As for defendant Hambrick, the evidence, without dispute, discloses he was there at Thaxton's request, and nothing connects him with the officer's wrongful conduct in any way. So far as appears, he was a mere bystander. Transporting a public officer to a given place at the officer's request, with no knowledge the officer is purposing to commit a tort, neither constitutes the officer an agent or servant of the other party nor does his presence make him a participant in any such tortious act.

As for defendant Gray, plaintiff's evidence tended to show his immediate presence at the time of the alleged assault that he handed Thaxton the flash-light, and later inquired of Thaxton whether he made a complete search. These circumstances, with the fact that Mr. Gray was interested in the arrest of Collier, might be sufficient to make a jury case for aiding and abetting Thaxton in an assault and battery on plaintiff, if one was committed. But no such issue is presented by count A. Such facts would go to Gray's liability for a personal assault, a direct trespass. The basis of liability is wholly different, rests on distinct legal principles.

■ The evidence, as stated, discloses Thaxton was acting throughout in his capacity as a public officer; no evidence discloses he was in the employ of Gray, or that Gray assumed the role of the master in control of Thaxton's movements or activities. In such case the law refers such activities to his position as a public officer. J. J. Newberry Company v. Smith, 227 Ala. 235, 149 So. 669, and authorities there cited.

Both defendants were entitled to the affirmative charge requested in writing as to count A.

■ Appellee insists defendants cannot raise this point because no exception was reserved to the oral charge of the court.

In the oral charge, the court read count A to the jury; called attention to the fact that it was based on the liability of the master for the wrongful acts of the servant or agent, in the line and scope of his employment. But proceeded to instruct the jury that liability under that count could be found on evidence of a conspiracy to do the wrongful act, or being present, aiding and abetting therein. This, as above indicated, was an erroneous view. A conspiracy to commit a trespass, or being present, aiding and abetting therein, renders all liable as direct trespassers, not under count A. The court's oral charge discloses an erroneous view of the law, not a case of variance, which under our rules should be called to the attention of the court, when relied upon as a basis for the affirmative charge. It was the right of defendants to except to the oral charge, or request the affirmative charge presenting the law of the case, or both.

Count C of the complaint, on which the cause was also submitted to the jury, charged: " * * * Plaintiff was living in and upon a dwelling house and its premises at to-wit, Mulga, Alabama, which said house and premises were her place of residence and her home, although she did not own the same, and she was a member of the household occupying same as the family place of abode, and on said occasion defendants wrongfully came upon said premises, and walked about said house on said premises and made noises thereon, and by their said actions and conduct and as a proximate consequence thereof plaintiff was alarmed and frightened; was vexed, harassed and annoyed; was caused to suffer mental and physical pain and anguish," etc.

This count, as we construe it, refers to noises, etc., on the premises outside the house, and makes no charge of entering the house. The only conduct and noises shown in evidence under this count were entering on the premises, knocking in the usual way to advise of their presence, and making inquiry as to the presence of Collier.

■ The fact that the officer had a warrant for Collier charging a felony, and had such information as would reasonably lead the officer in the exercise of that diligence which the law demands of him to go there in search of Collier, would present a full defense for going on the premises, making known his

presence and the purpose thereof in the manner shown by the undisputed evidence.

The mother, the head of the house, as well as plaintiff, knew Thaxton and recognized him.

■ It is insisted by appellee that there was no plea of justification by legal process. The plea, in short by consent, with leave to present any matter which could be specially pleaded, fully covers this issue.

■ The evidence that this warrant, issued by competent authority, was in his hands, was admitted without objection. The failure to introduce the warrant itself or further prove its contents, was unnecessary. The issuing officer is presumed to have done his duty in issuing a lawful warrant, in the absence of evidence to the contrary.

■ An officer with a warrant of arrest is the representative of the sovereign state; he goes in search of the party charged as the agent of the law. He may go upon private premises, anywhere he may have reasonable cause to believe the party charged may be found. If the officer acts in good faith upon reasonable grounds of suspicion, he is in the discharge of a legal duty.

Even a dwelling is not a castle as against the sovereign state.

■ In entering the dwelling of a third person, especially at night, the officer is under duty to apprise the head of the family of his mission and authority. No particular words are necessary, but, coming in the name of the law, he should make known such fact.

Where, as here, the officer is known and recognized by the head of the house as such, and he makes known his mission as an officer, the rule does not seem to require the officer to expressly mention that he has a warrant, unless called upon to exhibit it. Brown v. State, 109 Ala. 70, 20 So. 103; Spooney v. State, 217 Ala. 219, 115 So. 308; 2 R. C. L. p. 476, § 34; 5 C. J. p. 426, § 64.

■ In any event, no evidence in this case discloses that the officer, or these defendants, perpetrated any wrong in going upon the outside premises and making the noises complained of in count C.

Both defendants were due the affirmative charge on this count.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.