10 So.2d 13

**PARKER v. FIES & SONS**

6 Div. 7.

Supreme Court of Alabama.

Oct. 8, 1942.

Graham Perdue and Hugh A. Locke, both of Birmingham, for appellant.

Coleman, Spain, Stewart & Davies and H. H. Grooms, all of Birmingham, for appellees.

Hill, Hill, Whiting & Rives and Richard T. Rives, all of Montgomery, amici curiae.

BOULDIN, Justice.

W. T. Parker sued appellees for personal injuries received by him as a passenger in an automobile, charging his injuries to the negligence of defendants' agent driving the automobile. The injury occurred February 25, 1938. Suit was filed January 14, 1939.

March 14, 1940, upon suggestion of the death of plaintiff, an order of revivor was entered in the name of Mary S. Parker, administratrix of the estate of W. T. Parker, deceased.

May 3, 1940, the administratrix amended the complaint by adding Count A, claiming under the Homicide Act. Code 1940, Tit. 7, § 123. This count disclosed that death ensued March 16, 1939, from the same wrongful act upon which the personal injury suit was based.

November 27, 1941, Count No. 1, the personal injury count, was stricken on motion of plaintiff. Thereupon, on motion of defendants, Count A was stricken. Because of this adverse ruling, plaintiff took a non-suit and appeals.

Bruce v. Collier, 221 Ala. 22, 127 So. 553, 554, relied upon by both sides, dealt with our statutes for the survival of actions for injuries to the person, where death followed from the same wrongful act, bringing into being a right of action under the Homicide Act.

In that case an action was brought for personal injury. Pending this action the plaintiff died. The administrator obtained an order to revive. Meantime, the administrator brought a separate action under the Homicide Act. This action proceeded to judgment for plaintiff, which was paid.

The revived suit still pending, the defendant interposed a plea held by us to be in effect a plea of res adjudicata. The trial court sustained this plea against demurrer, resulting in a non-suit and appeal.

For reasons stated in the opinion, we held:

The statute providing for survival of actions for "injuries to the person" does not apply to actions for injuries from wrongful act resulting in death, with a consequent right of action under the Homicide Act. The survival statute has a field of operation in actions where death ensues from other causes. The lawmakers did not contemplate two actions by the same administrator against the same defendant for the same tort, prosecuted to separate judgments, one to recover for personal injuries for the benefit of the estate, and another for punitive damages for the benefit of next of kin.

Thereupon, the judgment under the Homicide Act was res adjudicata of the

fact that death did result from such injuries, and conclusive against an action dependent on death from other cause.

Under this decision, the administrator may revive the pending suit for personal injuries upon the death of the plaintiff, and proceed to recover the damages allowed by law in such action, unless by proper pleading and proof, it appears that death ensued from the same wrongful act. In such event, the administrator may recover only by action under the Homicide Act.

In the instant case, the administratrix, in recognition of these principles, as we presume, struck out the personal injury count.

This brings us to the direct question here involved: Could she, by amendment, add a count under the Homicide Statute, and over objection by defendants, proceed to trial and judgment on such count?

Our amendment statute is quite liberal. The pertinent portion reads: "The court must * * * permit the amendment of the complaint by * * * adding new counts or statements of the cause of action, which could have been included in the original complaint * * * and it shall not be held that such new counts or statements of the cause of action relate to new or other causes of action, so long as they refer to the same transaction * * * as the original." Code of 1940, Title 7, § 239; Gray et al. v. Williams, 230 Ala. 14, 160 So. 715.

Our Homicide Act is a death statute, a punitive statute to prevent homicides. It creates a new and distinct cause of action, unknown at common law. The cause of action comes into being only upon death from wrongful act.

These concepts are so fully settled that further statement need not be indulged. Breed v. Atlanta, B. & C. R. Co., 241 Ala. 640, 4 So.2d 315; Pickett v. Matthews, 238 Ala. 542, 192 So. 261; Anno. Code of 1940, Title 7, § 123.

The statute requires suit brought within two years after death. This is not a statute of limitations, but of the essence of the cause of action, to be disclosed by averment and proof. Louisville & Nashville Railroad Co. v. Chamblee, 171 Ala. 188, 54 So. 681, Ann.Cas.1913A, 977; Gulf States Steel Co. v. Jones, 204 Ala. 48, 85 So. 264; Consolidated Indemnity & Ins. Co. v. Texas Co., 224 Ala. 349, 351, 140 So. 566.

A cause of action arising after suit brought, or which had not accrued so as to be joined in the original suit, cannot be added by amendment at law. We know of no exception to this elementary principle of law. Aetna Ins. Co. v. Koonce, 233 Ala. 265, 171 So. 269. Neither Ex parte Adams, 216 Ala. 241, 113 So. 235, nor Bruce v. Collier, supra, deals with this question.

"Same transaction" as used in the statute, means the entire set of facts upon which the right of recovery depends in the particular case. To illustrate, the cause of action for personal injuries included more than the wrongful act. Injury resulting therefrom was a necessary element in the cause of action. Absent such an averment, the count would have been demurrable on the ground that it disclosed no cause of action. Likewise the wrongful act alone, was not the cause of action under the Homicide Act. Death resulting from the wrongful act is of the essence of the cause of action; the event giving rise thereto.

"Cause of action" may import different concepts in different connotations. But as here involved, it must include all the elements upon which the law authorizes a recovery. 2 Am.Jur. p. 404, § 2; 1 C.J.S., Actions, § 8, Subsections (b), (c), (d), pp. 982, 983.

Separate causes of action may arise from one and the same contract. In such case, a cause of action not due at time of suit brought, cannot be brought in by amendment. A well known illustration is presented in actions based on instalment obligations.

In some states, where, as here, the cause of action for personal injuries survives, the courts have held that in an original suit brought by the administrator after the death of the injured, counts claiming for personal injuries may be joined with counts claiming under death statutes, both injury and death having resulted from the same wrongful act. 1 C.J.S., Actions, § 95, p. 1269.

It appears some cases there noted hold this may be done, although recovery may be had under only one count, especially in cases of doubt whether the death ensued from the same wrongful act. Other courts hold to the contrary. 1 C.J.S., Actions, § 97, p. 1281.

In such cases the cause of action for personal injury, and for death have both accrued when suit brought. The amendment here involved presents a different question.

Appellant strongly relies upon Ex parte Adams, supra.

In that case the injured party died pending his action for personal injury. While this suit was still pending, the administrator brought suit under the Homicide Act.

Said the court [216 Ala. 241, 113 So. 236]: " 'We think that the cause of action as set up in the two suits, while perhaps described in varying language, is identical—that is, the same wrong—though the last complaint charges the wrong as causing the death of the plaintiff in the first suit and said last suit is by her personal representative. As above noted, it is the identity or sameness of the cause of action and not the result of the same that must be the criterion.' "

On this premise, it was held the latter suit was subject to a plea of former suit pending under Code of 1923, § 5657, Code 1940, Tit. 7, § 146.

While this case did not involve an amendment as here presented, the decision does support the view that the cause of action being the same, the instant case comes within our amendment statute. This situation, together with the treatment of Ex parte Adams in Bruce v. Collier, supra, has led to a careful reconsideration leading the writer to the views above expressed, and a consideration of the matter by the full court.

In Bruce v. Collier, supra, Ex parte Adams was cited as authority upon the sole question then involved, namely: May two actions be maintained, and prosecuted to separate judgments by the administrator? "One to recover actual damages suffered by the injured while living for the benefit of his estate; the other to recover punitive damages for the wrongful act causing his death for the benefit of his next of kin." Bruce v. Collier then proceeds on entirely different premises from Ex parte Adams, and limits its approval of same by these words: "We see no sufficient reason to overrule Ex parte Adams, supra, on the point now under consideration."

This was in keeping with our rule not to modify or overrule former decisions unless necessary to the proper decision of the case in hand. The writer of the opinion in Ex parte Adams concurred in Bruce v. Collier. The latter case has been followed and re-affirmed in Pickett v. Matthews, supra, and Breed v. Atlanta, B. & C. R. R. Co. supra. The case of Ex parte Adams is not in harmony with these decisions on the question now presented.

In so far as Ex parte Adams is in conflict with our later holding; that case is now overruled.

In brief filed by amicus curiae our attention is called to the fact that the injured party survived for more than a year; and cites Seaboard Air Line Ry. Co. et al. v. Allen, 2 Cir., 192 F. 480, holding that in such case his action for personal injuries would be barred by the statute of limitations of one year, unless he sued within the year; and further holding that a bar of his right of action also bars an action by the administrator under the Alabama Homicide Act. Therefore, argues the brief, the action for personal injuries is so related to the action under the Homicide Act, that amended count A should have been allowed, otherwise injustice may follow. We need not deal with the conclusion drawn from the premises.

We do deem it important, however, to deal with the premise, the soundness of the Allen case. This, because, the doctrine of that case has found expression as the law of Alabama by Editor's note, III, to Section 26, Title 7, Code of 1940, to which reference is made in note VI to our Homicide Act, Section 123, Title 7, Code of 1940.

The Allen case is in direct conflict with our own decision in Gulf States Steel Co. v. Jones, supra. This case definitely holds the rule declared in Williams v. Alabama Great Southern Ry. Co., 158 Ala. 396, 398, 48 So. 485, 17 Ann.Cas. 516, dealing with actions under the Employer's Liability Act not applicable to actions under the Homicide Act, for the reason that this act expressly prescribed the time within which actions thereunder may be brought. See, also, Louisville, Evansville and St. Louis Railroad Company v. Clarke, 152 U.S. 230, 238, 14 S.Ct. 579, 38 L.Ed. 422.

The meaning of the clause, "if the testator or intestate could have maintained an action for such wrongful act, omission, or negligence, if it had not caused death," has

352

been so recently and fully treated in Breed v. Atlanta, B. & C. R. Co., supra, as to need no further comment.

Affirmed.

All Justices concur.