282 So.2d 909

**C. F. HALSTEAD CONTRACTOR, INCORPORATED**

v.

**Rubin F. LOWERY, as Administrator of the Estate of Rubin Harvey Lowery, Deceased.**

**Civ. 138.**

Court of Civil Appeals of Alabama.

May 23, 1973.

Rehearing Denied June 20, 1973.

———◆———

Harry Cole and Robert C. Black, Montgomery, for appellant.

Frank W. Riggs, Montgomery, for appellee.

WRIGHT, Presiding Judge.

This is an appeal from a verdict and judgment for $10,000 in a suit brought under the Alabama Employer's Liability Act.

Suit was brought by the administrator of the estate of Rubin Harvey Lowery, deceased, against C. F. Halstead and C. F. Halstead Contractor, Incorporated. Verdict was in favor of C. F. Halstead and against C. F. Halstead Contractor, Incorporated. The complaint as amended claimed damages from defendants as the employer of the deceased in four counts. Two of the counts charged that the death of the deceased was caused by the negligence of a fellow employee and superintendent. The other two counts charged the death was caused by the wantonness of the same fellow employee and superintendent. It was alleged in each count that the deceased was an employee of defendants' but was not subject to the Workmen's Compensation Act because his employment was casual and not in the usual course of the business of defendants, or that his employment was as a domestic servant, or that defendants did not regularly employ more than eight employees.

Such allegations constitute three of the exceptions which remove an employee from the provisions of the Workmen's Compensation Act as provided in Title 26, § 263 of the Code. For the purposes of this appeal it is conceded that appellant employed more than eight employees.

To the complaint, appellant filed a special plea of the statute of limitation of one year. Demurrer was sustained to the plea.

Though numerous assignments of error have been presented, there are two basic matters involved in this appeal. We consider the first to be whether the action brought is subject to a one year statute of limitation. Second, whether under the evidence, the deceased employee was at the time of injury subject to the Workmen's Compensation Act.

We must begin our consideration with the premise that all actions for injury or death brought by an employee or his personal representative against his employer are presumed to come under the Workmen's Compensation Act. Pound v. Gaulding, 237 Ala. 387, 187 So. 468. When a suit is brought by an employee or by his personal representative against the employer for injuries or death, the complaint should conform to the Workmen's Compensation Act, or should state facts showing the relationship to be within the exceptions to the Act as provided in Title 26, § 263. Whatley v. Ala. Dry Dock & Shipbuilding Co., 279 Ala. 403, 186 So.2d 117; Bell v. Brooks, 270 Ala. 691, 121 So.2d 911. The stated premise is necessary because it is provided in Title 26, § 272 as follows:

"The rights and remedies herein granted to an employee shall exclude all other rights and remedies of said employee, his personal representative, parent, dependents or next of kin, at common law, by statute or otherwise on account of said injury, loss of services or death; and except as herein provided in article 1 and article 2 (as the case may be) of this chapter. No employer included within the terms of this chapter, shall be held civilly liable for any personal injury to or death of any workman due to accident while engaged in the service or business of the employer, the cause of which accident originates in the employment; . . ."

We must further consider that the Workmen's Compensation Act superseded the Employer's Liability Act except in cases excepted from the Workmen's Compensation Act by § 263 thereof and which would otherwise come within the Employer's Liability Act. Pound v. Gaulding, supra.

Appellee's intestate in this case was an employee of appellant, C. F. Halstead Contractor, Incorporated. He was on appellant's regular payroll along with some 250 other employees. The business of appellant was that of a general contractor. The deceased was a college student who had applied for and been given employment by appellant for the summer months. He was paid by the hour for a forty hour week. He was a general laborer and performed tasks as directed by his superiors. On June 6, 1968, the deceased was requested by a superior to assist in draining and cleaning a swimming pool located at the home of C. F. Halstead. The home and pool were located on the same property with the business of C. F. Halstead Contractor, Incorporated.

There was evidence that the employees of C. F. Halstead Contractor, Incorporated, at times did work on the private property of C. F. Halstead for which Halstead was charged on the books of appellant corporation. During the draining of the pool, a submergible electric pump was connected and lowered into the pool by an employee and superintendent of appellant. After the pool was pumped clear of water, and while deceased and another employee were in the pool, the superintendent went to shut off the pump at a switch. After the pump stopped running, the deceased took hold of it while standing in the wet pool and was electrocuted. Upon examination by an expert it was discovered that it had been so connected by the fellow employee at the power source that the pulling of the switch and stopping the running of the pump did not remove the electricity from the frame of the pump. By taking hold of the pump the deceased came in contact with some 250 volts of electricity and was killed instantly. The death occurred on June 6, 1968.

The suit herein was filed on June 5, 1970. We will consider first appellant's contention that the statute of limitation for bringing this action under the Employer's Liability Act is that provided by Title 7, § 26, or one year, and that the court erred in sustaining demurrer to the plea. We must hold that such plea was good and the court erred in sustaining demurrer thereto.

Prior to the enactment of the Employer's Liability Act there was no right of action by an employee against the employer for injury caused by the negligent acts of fellow employees, since at common law a servant upon entering employment assumed the risk of injury from the negligent conduct or omission of a fellow servant. Northern Ala. R. Co. v. Mansell, 138 Ala. 548, 36 So. 459; L. & N. R. Co. v. Chamblee, 171 Ala. 188, 54 So. 681.

■ The enactment of the Employer's Liability Act created a new cause of action by the employee against the employer for injury from the negligent conduct of a fellow employee occurring under specified circumstances. Title 26, § 326. Title 26, § 328 extended the employee's right of action for such injury, if it resulted in death, to the personal representative. The Act did not provide a limitation upon the time for bringing such action by the personal representative. Therefore, in the absence of such provision, the general statute for the bringing of such action for injury by the employee had he not died must be looked to. That statute is Title 7, § 26. The application of the statute of limitation of one year to an action by the personal representative for death of an employee under the Employer's Liability Act was determined as early as 1891 in the case of O'Kief v. Memphis & Charleston RR Co., 99 Ala. 524, 12 So. 454, and followed in subsequent cases. L & N R Co. v. Chamblee, supra; Williams v. Ala. Great Sou. Ry. Co., 158 Ala. 396, 48 So. 485; Gulf States Steel Co. v. Jones, 204 Ala. 48, 85 So. 264.

Appellee contends that the limitation of two years as provided in the Wrongful Death Statute, Title 7, § 123, applies, and cites as authority the case of Liberty Mutual Ins. Co. v. Lockwood Greene Engineers, Inc., 273 Ala. 403, 140 So.2d 821. There it was said by the court: "It follows then, that there is only one statute of limitation applicable to actions for wrongful death and this is the two-year statute."

We find no fault with the above statement as applied to the facts in that case. It involved a suit for wrongful death against a third party. Section 312 of the Workmen's Compensation Act. In this case, the action is not one for wrongful death, as such action is created by Title 7, § 123, but is an action under the Employer's Liability Act. That these two actions are separate and distinct is clearly pointed out in Gulf States Steel Co. v. Jones, supra. The purpose of the wrongful death statute is punitive. The purpose of the action for death under the Employer's Liability Act is compensatory. Both statutes created new actions unknown at common law, but for different purposes. There is an entirely different measure of damages and an entirely different basis for establishing liability in the two actions.

■ Appellee contends that the plea of the statute was improper in form because it does not appear from the complaint what statute of limitation was applicable. This argument is not acceptable as it is clear from the complaint that the action arises from employee-employer relationship under the Employer's Liability Act. It is not an action brought under Title 7, § 176(1), or § 217(1) of the Code. In fact, under the alleged relationship of the parties there could be no action under the doctrine of respondeat superior by the employee against the employer except that provided under the Employer's Liability Act. Neither does the allegation that the acts of the co-employee causing the injury and death were wanton change the limitation for bringing an action under the Employer's Liability Act.

■ We conclude therefore that the trial court erred in sustaining plaintiff's demurrer to defendant's plea of the one year statute of limitation, for the complaint shows on its face that the action was not brought within one year from the injury and death of plaintiff's deceased. The evidence presented was in accord with the allegations of the complaint. It follows

therefore that the court further erred in refusing to give appellant's requested affirmative charge to the jury.

Since the prosecution of this case under the pleadings and evidence is barred by the statute of limitation and will not be for retrial, we pretermit consideration of the remaining question of whether the deceased was subject to the Workmen's Compensation Act.

Reversed and remanded.

BRADLEY, J., concurs.

HOLMES, J., concurs.