EMBRY, Justice.
This appeal by Bessie Hardy, as adminis-tratrix of the estate of Charles Hardy, is from a judgment entered on a directed verdict in favor of the defendants, Earl Sawyer and Sawyer Farm Company, based on the applicability of the one year statute of limitations under the Alabama Employer’s Liability Act (Code, Tit. 26, § 326, et seq.) to plaintiff’s action for the wrongful death of her husband.
The issue presented on this appeal is whether this case which sought damages for the death of Charles Hardy was under the Alabama Employer’s Liability Act or a wrongful death action under § 123, Tit. 7, Code.
Facts pertinent to the appeal are: On 17 January 1972, Mrs. Hardy filed a two count complaint, which was later amended, against Sawyer and Sawyer Farm to recover damages for the death of her husband which occurred on 16 January 1970. The gist of each count is that Charles Hardy was employed by the defendants as a farm laborer and his death was the result of defendants’ negligence in furnishing him a defective truck. Thus the complaint, as amended, on its face asserted a cause of action under both § 123, Tit. 7, Code and the Alabama Employer’s Liability Act. The defendants pleaded the two year statute of limitations in abatement of the action. Mrs. Hardy demurred; the trial court sustained the demurrer because the action was filed on 16 January 1972, a Sunday, and under Tit. 39, § 184, Code, must be excluded.
At pretrial hearing Mrs. Hardy’s contentions were stated as follows:
“The plaintiff claims $75,000.00 damages of the defendants Earl Sawyer and Sawyer Farm Company for the wrongful death of the plaintiff’s intestate caused by the proximate negligence or wantonness of the defendants in furnishing defective equipment. The plaintiff contends that the deceased was a farm laborer and the defendants’ liability is to her under the Employer’s Liability Act for failing to provide a safe place or means of work.” (emphasis added)
At trial, following the conclusion of Mrs. Hardy’s case-in-chief, the defendants moved for a directed verdict on the ground the *1106 action was not brought within one year from the death of her decedent, therefore barred by the one year statute of limitation applicable under the Alabama Employer’s Liability Act. The trial court granted the motion and entered judgment accordingly. Mrs. Hardy filed a motion to set aside the judgment, and for a new trial, asserting for the first time, in the face of the pretrial order, that this was a wrongful death action and not brought under the Alabama Employer’s Liability Act. The trial court denied the motion and Mrs. Hardy perfected this appeal.
The basis of the defendant’s motion and the trial court’s judgment was the Court of Civil Appeals’ decision in C. F. Halstead Contractor, Inc. v. Lowery, 51 Ala.App. 86, 282 So.2d 909 (1973).
Halstead held:
“The enactment of the Employer’s Liability Act created a new cause of action by the employee against the employer for injury * * *. Tit. 26, § 326. Title 26, § 328 extended the employee’s right of action for such injury, if it resulted in death, to the personal representative. The Act did not provide a limitation upon the time for bringing such action by the personal representative. Therefore, in the absence of such provision, the general statute for the bringing of such action for injury by the employee had he not died must be looked to. That statute is Title 7, § 26. The application of the statute of limitation of one year to an action by the personal representative for death of an employee under the Employer’s Liability Act was determined as early as 1891 in the case of O’Kief v. Memphis & Charleston RR Co., 99 Ala. 524, 12 So. 454, and followed in subsequent cases. L & N R Co. v. Chamblee, supra [171 Ala. 188, 54 So. 681]; Williams v. Ala. Great Sou. Ry. Co., 158 Ala. 396, 48 So. 485; Gulf States Steel Co. v. Jones, 204 Ala. 48, 85 So. 264.”
On appeal Mrs. Hardy renews her claim that this was a wrongful death action under § 123, Tit. 7, and not under the Alabama Employer’s Liability Act. Therefore, she argues, the applicable statute of limitations is two years as provided in § 123, and Halstead does not control the instant case. We disagree.
The first time Mrs. Hardy ever explicitly stated that her action was under the wrongful death act was in her motion for new trial. This contradicts her own contentions, as evidenced by the pretrial order, that the defendants’ liability to her was under the Alabama Employer’s Liability Act.
A pretrial order under Rule 16, ARCP, has been construed as controlling the cause of action, Dillon v. Nix, 55 Ala. App. 611, 318 So.2d 308 (1975), and binding on the parties. 3 Moore’s Federal Practice, ¶ 16.19, at p. 1131 (1974). One must assume Mrs. Hardy was bringing her claim against Sawyer and Sawyer Farm under the Alabama Employer’s Liability Act. The record is absent any amendment to her complaint or motion to amend, or objection to, the pretrial order.
Under the state of the record the judgment of the trial court is due to be, and is, affirmed.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.