ADAMS, Justice.
Plaintiff, Sara Stump, argues that the trial court erred in allowing defendant Samuel Bullock, d/b/a Bud Bullock’s Union 76 service station, to assert a defense that she claims was barred by the court’s pretrial order and that it further erred in granting Bullock a summary judgment based upon that defense. We affirm.
Facts
On the morning of December 5, 1984, Robert Elliott phoned defendant Bullock’s service station and asked Bullock’s employee, Dannie Tolbert, to. tow his wife’s stalled automobile from the side of a road. The record indicates that Robert Elliott knew that this was a rush hour at Bullock’s and, therefore, did not expect that the car would be towed immediately, and indicates that he did not communicate that the stalled car created an emergency situation.
Tolbert left to pick up Mrs. Elliott’s car at approximately 12:00 noon. Around 12:51 p.m., and before Tolbert reached Mrs. Elliott’s car, Sara Stump ran her car into Mrs. Elliott’s car. Stump suffered extensive injuries as a result of the accident.
Consequently, Stump sued Robert Elliott, his wife Mollie, and Bullock, for damages, based on the personal injuries she sustained in the accident. The court granted Bullock a summary judgment. Stump then proceeded to trial against the Elliotts and obtained a judgment in the amount of $50,000.00. Stump appeals from the summary judgment in favor of Bullock.
This litigation brings two issues for our review:
1. Whether the pre-trial order precluded the trial court from later allowing Bullock to assert as a defense that he had owed no duty to Stump.
2. If not, then whether the trial court erred in granting Bullock’s summary judgment on the grounds that Bullock did not owe Stump a legal duty under his contract with the Elliotts.
I.
Relying on Rule 16, A.R.Civ.P., Stump vigorously protested the trial court’s allowing Bullock to argue that he did not owe Stump a duty. Stump maintains that by permitting Bullock’s late assertion of the lack-of-duty issue, the trial court allowed Bullock to violate its pre-trial order and thereby erred. The pre-trial order provided that Bullock would be deemed to have admitted the existence of a duty, absent a timely filed written objection.[1]
In the same vein, Stump argues that because this defense was allowed, *710 Bullock “plainly and simply ambush[ed]” her. Stump points to Hardy v. Sawyer, 352 So.2d 1104 (Ala.1977), in support of her position that the pre-trial order was controlling and was binding on the parties. We view Hardy as clearly distinguishable from the present situation, because by its own language Hardy governs the litigants, not the judge’s discretion. A more instructive approach in assessing the weight to be given pre-trial orders is to examine the goals sought to be accomplished by them. The genesis of the modem day pre-trial conference was an attempt to avoid the rigors and technicalities of the old and strict common-law pleading practices. More often than not, the common-law requirements proved stilted and unduly burdensome. Following the lead of the Federal Rules of Civil Procedure, Alabama’s Rule 16 provides a more relaxed and simplified alternative of trial management by isolating and narrowing the issues to be tried. See Committee Comments, Rule 16, A.R.Civ.P. In applying these mies, one is cautioned to apply this and all other mies of civil procedure with deference to Rule 1(c), A.R.Civ.P., which enunciates the purpose of the mies as being “to secure the just, speedy and inexpensive determination of every action.” Against this background, we simply cannot indulge Stump’s construction of Rule 16. By doing so, we would perpetuate the very thing that the framers of the mies sought to abolish. Pre-trial orders are effective only when the judge has the right both to allow and to disallow amendments to pleadings that are filed subsequent to the pre-trial conference. In other words, except for clear abuse, “[w]e simply leave to the discretion of the trial court the matter of amendments to pre-trial orders.” Arfor-Brynfteld, Inc. v. Huntsville Mall Associates, 479 So.2d 1146 (Ala.1985). The court did not err in allowing the defense of lack of duty.
II.
Stump maintains that Bullock breached a contractual duty to promptly remove Mrs. Elliott’s stranded vehicle and that he is liable in tort for that breach. While the parties have stated the issue in terms of whether Bullock owed Stump a duty under his contract with Robert Elliott, we need not reach that question. It is clear that Bullock rendered exactly the performance he agreed to under the contract. Because there was no breach of his agreement, it cannot matter whether that agreement was for Stump’s benefit; any duty assumed must necessarily have been met. After having made a careful study of the record, we view the evidence bearing on this issue as follows: Robert Elliott phoned Bullock’s service station during the morning rush hour, telling employee Tolbert that his wife’s car was disabled and asking him to pick up the car “as soon as possible,” i.e., at his earliest convenience. The testimony further indicated that Robert Elliott knew that this was a rush hour at Bullock’s service station and that there would be some delay in the dispatch of the tow truck. Additionally, employee Tolbert communicated this information to Elliott. Against this background, we conclude that there is simply no merit to Stump’s argument. The summary judgment is due to be affirmed.
AFFIRMED.
JONES, SHORES and STEAGALL, JJ., concur.
HOUSTON, J., concurs in the result.

. The court’s pre-trial order read as follows:
GENERAL PRE-TRIAL ORDER
To expedite pre-trial and trial procedures, it is ORDERED by the Court that the following will apply:
1. Each party shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used available to the other parties within a reasonable time prior to trial for inspection and copying. The same shall then be authenticated and admitted in evidence without *710 further proof, unless written objections to any such documents or exhibits be made to the Court within a reasonable time thereafter and before trial specifying the grounds of objection and evidence in opposition to the genuineness and relevancy of the proposed document, exhibit or physical evidence.
5. Agency and the time and place of the incident involved and, if a negligence case, the existence of a duty, are admitted and the parties are correctly named and designated.
If any party expects to make an issue of any of them, written objection shall [be] timely filed with the Court and each party, specifying the objection and grounds therefor and evidence expected to be presented to the contrary so die Court may determine if the same is a controverted issue.