DONALDSON, Judge.
Sandra Henley filed a complaint in the Jefferson Circuit Court (“the trial court”) against State Farm Mutual Automobile Insurance Company (“State Farm”) seeking underinsured-motorist benefits under a policy of insurance issued by State Farm. A jury trial commenced, but the trial court entered a judgment as a matter of law (“JML”) in favor of State Farm during Henley’s presentation of her case. A JML cannot be entered unless a party has been fully heard on an issue. See Rule 50(a)(1), Ala. R. Civ. P. Because Henley had not been “fully heard” on the issue that led to the entry of the JML, we reverse the judgment and remand the cause for further proceedings.

Facts and Procedural History

While Henley was stopped at a traffic light on December 16, 2009, an automobile operated by Charles Barbour, Jr., struck the automobile operated by Henley (“the collision”). Henley .claimed that, she suffered damage as a- result of the collision, including personal injuries and property damage. At the time of the collision, Henley had an automobile-insurance policy with. State Farm that included underin-sured-motorist benefits. Barbour also was insured by State Farm for his liability for the collision. Henley and Barbour reached a settlement, and, on December 14, 2011, Henley executed a release (“the release”) in exchange for $50,000 in consideration. The release states, in part:
*62 “Undersigned hereby releases and forever discharges Charles Barbour and Charles Barbour Jr., their heirs, executors, administrators, agents and assigns, and all other persons, firms, or corporations liable or, who might be claimed to be liable, ... from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future develop from an accident which occurred on or about the 16th day of December, 2009, ... at or near Gardendale, Alabama.
[[Image here]]
“Undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose or precluding forever any further or additional claims arising out of the aforesaid accident.”
The release was signed by Henley and the attorney representing her at that time.
Henley later obtained different counsel and filed a one-count complaint against State Farm on March 17, 2014. In her complaint, Henley claimed that Barbour had caused the collision; that Barbour was an underinsured motorist, i.e., the driver of an “uninsured motor vehicle” as defined by § 32-7-23(b), Ala.Code 1975;[1] that her policy of insurance with State Farm provided underinsured-motorist coverage; and that State Farm had breached the insurance policy by failing to pay underin-sured-motorist benefits to her pursuant to the terms of the policy. Henley demanded a jury trial.
State Farm filed an answer generally denying the allegations in the complaint and asserting, among other defenses, the affirmative defenses of contributory negligence and “release, accord, and satisfaction.”
On August 1, 2014, Henley filed a motion for a partial summary judgment. In the motion, Henley asserted that Barbour’s negligence for the collision was undisputed and that the only issues to be tried were whether Henley’s claimed damages were caused by Barbour’s negligence and “whether or not [Henley’s] damages exceed that of the sum total tendered by [State Farm] on behalf of ... Barbour.” The record does not indicate that State Farm filed a response to the motion for a partial summary judgment. After conducting a hearing, the trial court entered a partial summary judgment on October 1, 2014. In its written judgment, the trial court found “that a third party motorist was the at fault party as a matter of law, and also that [Henley] was not contribu-torily negligent. The only issues which remain outstanding for the trier of fact are that of causation and damages.” (Emphasis added).
A trial began on February 9, 2015, before a jury. On direct examination, Henley testified regarding, among other things, the collision and the injuries and damage she claimed to have sustained as a *63 result of the collision. During the cross-examination of Henley by State Farm’s counsel, a letter with the release attached was introduced as an exhibit. Henley objected to State Farm’s attempts to question Henley about the terms of the release. Among other arguments, Henley asserted that any issue as to whether the release absolved State Farm of liability for the payment of underinsured-motorist benefits was not properly before the jury because the partial summary judgment had specifically limited the issues for trial to causation of Henley’s alleged injuries and the extent of the damages, if any, to which she was entitled. Henley also argued that if the issue was properly before the jury, she should be permitted to present evidence indicating that she had not intended to release State Farm from paying underin-sured-motorist benefits under her policy of insurance by signing the release.
While Henley was still testifying, State Farm moved for the entry of a JML based on the release. After hearing arguments of counsel, the trial court expressed its intent to grant State Farm’s motion over Henley’s objections. The jury was dismissed. Although Henley was not permitted to present evidence regarding her understanding of the release and her intent in signing the release, she was permitted to make an offer of proof outside the presence of the jury.
On February 12, 2015, the trial court entered a JML in favor of State Farm and against Henley. In the JML, the trial court stated, in part:
“During the course of the trial of this case, the Court admitted into evidence Defense Exhibit No. 14, which is a general release signed by [Henley] on December 14, 2011. The release contained no reservation of rights by [Henley] to proceed against her underinsured motorist insurance carrier. [State Farm] moved in open court for judgment as a matter of law citing the release as grounds.”
Following the entry of the JML, Henley moved to vacate the JML and for a new trial pursuant to Rule 59, Ala. R. Civ. P. Henley asserted that the effect of the release was not an issue to be determined during the jury trial and that she had not been prepared to address the effect of the release because the holding of the partial summary judgment limited the issues to be addressed at trial. Henley also argued that the release did not absolve State Farm from paying underinsured-motorist benefits. The trial court conducted a hearing on Henley’s motion. A transcript of that hearing is not contained in the record. On March 16, 2015, the trial court entered an order denying Henley’s post-judgment motions. On March 24, 2015, Henley filed a notice of .appeal to the Supreme Court of Alabama, which transferred the appeal to this court pursuant to § 12-2-7, Ala.Code 1975.

Discussion

Among other arguments, Henley asserts that the trial court improperly entered the JML on a ground that had been precluded from consideration during the jury trial by the partial summary judgment. Rule 56, Ala. R. Civ. P., provides, in relevant part:
“(c) Motion and Proceedings Thereon.
[[Image here]]
“(8) ... A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
“(d) Case Not Fully Adjudicated on Motion. If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the ' court at the *64 hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the, trial of .the. action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.”
(Emphasis added.) Our supreme court has described the effect of a partial summary judgment as follows:
“‘When a court enters a partial summary adjudication pursuant to Rule 56(d), [Ala. R. Civ. P.,] it does not render a final judgment, which is appealable, but only an order as to uncontroverted facts which being interlocutory, is subject to revision or modification and that the partial interlocutory summary adjudication is merely a pretrial determination that certain issues are considered established for the trial of the case, and is similar to the preliminary order under Rule 16, [Ala. R. Civ. P.,] its purpose like that of a pretrial order being to expedite litigation.’
“However, a partial summary judgment is not without beneficial effect. Similar to a pretrial order, it is designed to control the subsequent course of action. Cf. Hardy v. Sawyer, 352 So.2d 1104 (Ala.1977); Watson v. McGee, 348 So.2d 461 (Ala.1977) (effect of a pretrial order). Similarly, the trial court has discretion to exclude evidence not conforming to a partial summary judgment. Cf. Rodrigues v. [Ripley ] Industries, Inc., 507 F.2d 782 (1st Cir.1974) (pretrial order).”
Shades Ridge Holding Co. v. Cobbs, Allen & Hall Mortg. Co., 390 So.2d 601, 612 (Ala.1980) (quoting E.I. DuPont De Nemours & Co. v. United States Camo Corp., 19 F.R.D. 495, 498 (D.C.1956)); see Currie v. Great Cent. Ins. Co., 374 So.2d 1330, 1332 (Ala.1979) (holding that, although the party had pleaded the issues of waiver and estoppel in his answer to the complaint, “the pretrial order superseded the initial pleadings and governed the course of action unless amended to avoid manifest injustice”).
In this case, the interlocutory partial summary judgment specifically limited the issues to be addressed during the jury trial to (1) the extent of Henley’s damages and (2) whether those damages had been caused by Barbour. State Farm did not move to modify or vacate the partial summary judgment in any manner. Consequently, pursuant to Rule 56(d), the effect of the release was not an issue to be determined during the jury trial.
Rule 50(a)(1), Ala. R. Civ. P., provides: “If during a trial by jury a party has been fully heard on an issue and- there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under .the controlling law be maintained or defeated without a favorable finding on that issue.”
Henley was not afforded the opportunity to be “fully heard” at the jury trial on the issue whether the release absolved State Farm of liability for the payment of under-insured-motorist benefits because that was not an issue the trial court identified as *65 triable in the partial summary judgment and because Henley was not permitted to present evidence regarding the effect of the release before the trial court entered the JML. We therefore reverse the JML and remand the cause for further proceedings in accordance with this opinion. We pretermit discussion of the other issues raised by Henley regarding the effect of the release.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
MOORE, J., concurs in the result, with writing.

. Section 32 — 7—23(b) provides, in relevant part:
"The term uninsured motor vehicle shall include, but is not limited to, motor vehicles with respect to which:
[[Image here]]
"(4) The sum of the limits of liability under all bodily injury liability bonds and insurance policies available to an injured person after an accident is less than the damages which the injured person is legally entitled to recover."